*546
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 These appeals by the City of New York once again present issues of municipal liability to police officers under General Municipal Law § 205-e. In
 
 Gonzalez,
 
 the question is whether that statute may support a lawsuit by an injured officer against the City based on a fellow officer’s violation of Vehicle and Traffic Law § 1104 (e). In
 
 Cosgriff,
 
 the lawsuit by the injured officer springs out of New York City Charter § 2903 (b) (2) and § 2904 and Administrative Code of the City of New York § 7-201 (c) and § 19-152. The common question is whether these provisions, standing alone or taken together, can also sustain a claim under General Municipal Law § 205-e.
 

 We conclude that the statutory source of liability found in the General Municipal Law is available in both actions. Therefore, in each case, the judgment appealed from and the order of the Appellate Division brought up for review should be affirmed.
 

 I
 

 New York City police officer Maria Gonzalez was injured when, in the course of her duties as a passenger in a marked police vehicle driven by her partner, she was involved in a traffic accident. Gonzalez’s partner drove through a red light and collided with a civilian vehicle in an intersection while responding to a call relating to a burglary in progress.
 

 Gonzalez sued under General Municipal Law § 205-e, alleging that her injury resulted from her partner’s violation of Vehicle and Traffic Law § 1104 (e). A jury awarded a verdict and damages to Gonzalez. The Appellate Division modified and remitted to Supreme Court as to a matter not relevant here, and as so modified, affirmed. We granted defendant City of New York leave to appeal from the final judgment of Supreme Court to review the prior nonfinal Appellate Division order. The City argues that fellow officer lawsuits are not authorized
 
 *547
 
 under General Municipal Law § 205-e. Alternatively, the City proposes that Vehicle and Traffic Law § 1104 (e) cannot serve as the predicate for this kind of liability.
 

 In the second, unrelated case, plaintiff Sean Cosgriff was injured when, in the course of his duties as a New York City police officer, he tripped and fell on a defective sidewalk. He was pursuing individuals involved in the sale of narcotics. More than a year prior to the accident, defendant City of New York had issued a sidewalk repair notice to the owner of the abutting premises.
 

 Cosgriff sued the owner of the premises and its management company, as well as the City. The private defendants settled their case with Cosgriff. His claim against the City proceeded under theories of common-law negligence and General Municipal Law § 205-e. The latter rested on violations of New York City Charter § 2903 (b) (2) and § 2904 and Administrative Code § 7-201 (c) and § 19-152. Supreme Court dismissed the complaint, but the Appellate Division modified by reinstating the claim under General Municipal Law § 205-e. This Court granted the City leave to appeal from the final judgment of Supreme Court awarding damages to plaintiff, to review the prior nonfinal Appellate Division order. It contends— comparably to its theory in the
 
 Gonzalez
 
 case — that the City Charter and Administrative Code provisions cannot support a claim under General Municipal Law § 205-e.
 

 II
 

 General Municipal Law § 205-e provides some avenues of redress for injured police officers or their representatives. As relevant to these two appeals, the statute provides:
 

 “1. In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty * * * shall be liable to pay any officer, member, agent or employee of any police depart
 
 *548
 
 ment injured, or whose life may be lost while in the discharge or performance at any time or place of any duty imposed by the police commissioner, police chief or other superior officer of the police department, or to pay to the spouse and children, or to pay the parents, or to pay the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money * * * provided, however, that nothing in this section shall be deemed to expand or restrict any right afforded to or limitation imposed upon an employer, an employee or his or her representative by virtue of any provisions of the workers’ compensation law. * * *
 

 “3. This section shall be deemed to provide a right of action regardless of whether the injury or death is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury or death is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department.”
 

 General Municipal Law § 205-e was initially enacted to overrule this Court’s extension of the Firefighter’s Rule to police officers (see,
 
 Santangelo v State of New York,
 
 71 NY2d 393; L 1989, ch 346, Sponsor’s Mem in Support, 1989 NY Legis Ann, at 180; Governor’s Mem approving L 1989, ch 346, 1989 NY Legis Ann, at 182). The statute has been amended several times since its passage ten years ago (see, L 1990, ch 762; L 1992, ch 474; L 1994, ch 664; L 1996, ch 703). The successive amendments, for the most part, have been in response to restrictive judicial interpretations of the statute and varying factual circumstances. Each enactment has been promoted as being for the express purpose of clarifying and emphasizing the legislative intent that General Municipal Law § 205-e be applied “expansively”
 
 (see,
 
 L 1990, ch 762; L 1992, ch 474; L 1994, ch 664; L 1996, ch 703).
 

 As this Court recently stated in a related context but different circumstance, “an expansive interpretation is consistent with the over-all goal of this legislation, as demonstrated by the Legislature through its numerous amendments to the statute”
 
 (Schiavone v City of New York, 92
 
 NY2d 308, 317;
 
 see
 
 
 *549
 

 also, Ruotolo v State of New York [Ruotolo II],
 
 83 NY2d 248). Indeed, the most recent amendment to the statute, which added subdivision (3) to General Municipal Law § 205-e was, in part, a direct response to the Appellate Division decision in
 
 St. Jacques v City of New York
 
 (215 AD2d 75,
 
 affd on different grounds
 
 88 NY2d 920). There, the court had held that a statute which merely codifies a common-law duty cannot form the basis for a General Municipal Law § 205-e claim (L 1996, ch 703 [replacing that holding]).
 

 ILL
 

 Despite these consistent legislative actions and developments, the City urges this Court to clamp down on General Municipal Law § 205-e applications, so as to preclude lawsuits derived from fellow officer conduct. General Municipal Law § 205-e contains no such categorical exemption in favor of the City. Indeed, had the Legislature chosen to insert a fellow officer lawsuit block, it had many opportunities to do so over the course of its virtual biennial amendments to the statute — all designed, notably, to benefit officers and to preserve their opportunities for redress in the courts.
 

 Most pertinently, in the very same 1996 enactment by which the Legislature added subdivision (3) to General Municipal Law § 205-e, it simultaneously enacted General Obligations Law § 11-106. The General Obligations Law created a distinct right of action for police officers and firefighters injured by the negligence or intentional conduct of any person,
 
 except an employer or co-employee
 
 (L 1996, ch 703).
 

 The inclusion of the explicit exception in General Obligations Law § 11-106 magnifies its absence in General Municipal Law § 205-e. The Sponsor’s Memorandum in 1996, moreover, trumpets the Legislature’s awareness and endorsement of the differentiation by stating that the employer exemption in General Obligations Law § 11-106 should not be incorporated into “the unambiguous terms” of General Municipal Law § 205-e (L 1996, ch 703, Sponsor’s Mem in Support, 1996 NY Legis Ann, at 529). Noting that the purpose of the 1996 amendment to General Municipal Law § 205-e was to clarify the scope of the statute, the Memorandum further prescribes that “[s]ubject to the limitations of the Workers’ Compensation Law,
 
 municipal employers and co-employees will remain liable to injured police officers under [General Municipal Law §] 205-e” (id.,
 
 at 530 [emphasis supplied]).
 

 The City, nevertheless, advances policy arguments in support of its position, but these importunings for implied preclu
 
 *550
 
 sion against fellow officer lawsuits are more appropriately addressed to the Legislature, especially in view of its unqualified enactment language and the legislative history involving General Municipal Law § 205-e. Courts cannot be oblivious to the fact that the Legislature has considered all of the competing angles of advantage or disadvantage, and that it has left the fellow officer lawsuit opportunity untouched in General Municipal Law § 205-e — the section that drives and governs these actions. This Court has also only recently emphasized that “[w]hen the Legislature’s words and actions point out the correct interpretive road to follow, there is no justification for a court of law to follow another path”
 
 (Schiavone v City of New York,
 
 92 NY2d, at 317,
 
 supra).
 

 IV.
 

 This brings us to the City’s alternative argument in
 
 Gonzalez
 
 that Vehicle and Traffic Law § 1104 (e) cannot form the predicate for a claim under General Municipal Law § 205-e.
 

 In
 
 Desmond v City of New York
 
 (88 NY2d 455), we confronted the issue whether a Police Department directive could be a predicate for an action under General Municipal Law § 205-e. In determining that the claim could not be predicated on a violation of the directive there, this Court noted that the statute “was intended to provide police officers with an avenue of recourse ‘where injury is the result of negligent non-compliance with
 
 well-developed bodies of law and regulation'
 
 which ‘impose
 
 clear duties'
 
 ”
 
 (id.,
 
 at 464, quoting Mem of State Executive Dept, reprinted in 1989 McKinney’s Session Laws of NY, at 2140, 2141).
 

 The departmental directive in the
 
 Desmond
 
 case failed this test because it “does not impose any such ‘clear [legal] duties.’ Nor is it part of a ‘well-developed bod[y] of law and regulation’ with positive commands that mandate the performance or nonperformance of specific acts”
 
 (id.).
 
 Instead of containing “particularized mandates” the directive “simply authorizes the officer to exercise a measure of guided discretion within certain specific criteria”
 
 (id.).
 
 Indeed, the directive “does not actually ‘require’ any particular action, nor does it impose a ‘clear legal duty’ on the officers whose conduct it purports to regulate”
 
 (id.).
 
 In other words, the directive does not contain any objective standard by which an officer’s conduct could be measured for purposes of establishing liability. Thus, allowing the directive to support a lawsuit under General Municipal Law § 205-e would be “startling” because “the trier of fact would be called
 
 *551
 
 upon to sit in judgment of the wisdom of a police officer’s decision that the pursuit and immediate apprehension of a crime suspect was necessary to the community’s safety”
 
 (id.).
 

 In
 
 Gonzalez,
 
 by distinction, a statute of this State’s Legislature is at issue. That is very different in rank, in kind and in effect from what was involved in
 
 Desmond.
 
 Vehicle and Traffic Law § 1104 excuses the violation of certain traffic laws by authorized vehicles involved in an emergency operation. It explicitly qualifies that privilege, however, by providing that the driver is not relieved of “the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others” (Vehicle and Traffic Law § 1104 [e]). The City argues that this statute cannot form the predicate for a General Municipal Law § 205-e action because it does not contain a “particularized mandate.” However, the City’s theory would place a statute and a departmental directive in pari materia. Additionally,
 
 Desmond
 
 itself denotes that a statute can serve as a predicate when it contains
 
 either
 
 a particularized mandate
 
 or
 
 a clear legal duty
 
 (see also,
 
 General Municipal Law § 205-e [3]). Either of these objective standards can suffice, so long as the governmental standard is part of a well-developed body of law and regulation.
 

 Vehicle and Traffic Law § 1104 satisfactorily qualifies in this regard, and therefore, no
 
 Desmond
 
 problem or impediment is evident. Relevantly, the “reckless disregard” duty of care incorporated into the statute has been found sufficiently clear to assess liability in cases brought by civilians alleging violations of the same statute
 
 (see, e.g., Saarinen v Kerr,
 
 84 NY2d 494;
 
 Campbell v City of Elmira,
 
 84 NY2d 505). Rather than calling for the exercise of loosely-defined guided discretion, as did the departmental directive at issue in
 
 Desmond,
 
 Vehicle and Traffic Law § 1104 (e) mandates a reasonably defined and precedentially developed standard of care. It requires the trier of fact not to second-guess an officer’s split-second weighing of choices, but instead to determine whether “ ‘the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow’ and has done so with conscious indifference to the outcome”
 
 (Saarinen v Kerr, supra,
 
 at 501). We conclude, therefore, that Vehicle and Traffic Law § 1104 (e) can provide a predicate for a claim under General Municipal Law § 205-e.
 

 
 *552
 
 V.
 

 At issue in
 
 Cosgriff
 
 is whether sections 2903 (b) (2) and 2904 of the New York City Charter, and sections 7-201 (c) (2) and 19-152 of the Administrative Code, standing alone or taken together, can form a predicate for a claim under General Municipal Law § 205-e. This Court has previously determined that two of these provisions — City Charter § 2904 and Administrative Code § 19-152 — do not impose an affirmative duty on the City to keep its sidewalks in safe repair (see,
 
 St. Jacques v City of New York,
 
 88 NY2d 920,
 
 supra; but see,
 
 L 1996, ch 703). City Charter § 2904 places the financial burden for repairing sidewalks on property owners and provides that when an owner does not perform needed repairs, the Department of Transportation can do so at the owner’s expense. Administrative Code § 19-152 likewise provides that the duty and obligation for sidewalk repair falls on property owners, and that when the owner fails to repair, the City can do so and place a lien on the property. Since these sections are “couched in permissive rather than mandatory terms,” we have held that they cannot form a basis for a cause of action under General Municipal Law § 205-e
 
 (St. Jacques v City of New
 
 York,
 
 supra,
 
 at 922-923).
 

 Thus, the corollary question for this case becomes whether the other provisions relied upon by plaintiff Cosgriff, in their own right or in conjunction with the permissive provisions neutralized by
 
 St. Jacques,
 
 can form the basis for a claim under General Municipal Law § 205-e. City Charter § 2903, entitled “Powers and duties of the commissioner,” provides that the Commissioner of Transportation “shall have charge and control of the following functions relating to the construction, maintenance and repair of public roads, streets, highways, parkways, bridges and tunnels: * * * (2) designing, constructing and
 
 repairing
 
 of public roads, streets, highways and parkways” (City Charter § 2903 [b] [2] [emphasis supplied]). Administrative Code § 7-201 provides that an action for damages arising out of a defective sidewalk cannot be maintained unless the City had prior written notice of the defect. The latter provision recognizes the potential for liability on the City’s part for injuries sustained as the result of a defective sidewalk.
 

 Moreover, while the provisions at issue in
 
 St. Jacques
 
 place the-burden of paying for repairs on the property owner, City Charter § 2903 (b) (2) places the ultimate duty to direct or effect repairs squarely on the City. Since these provisions are
 
 *553
 
 part of a well-developed body of law and impose a clear legal duty on the City to take appropriate steps to keep the sidewalks in safe repair, we conclude that the Appellate Division properly reinstated CosgrifFs claim against the City under General Municipal Law § 205-e.
 

 Accordingly, in each case, the judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 In each case: Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.