RONALD LO TEMPIO, JR., Respondent, v CITY OF BUFFALO, Appellant. [775 NYS2d 717]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 5, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff, a civilian employee of the City of Buffalo Fire Department who is not a firefighter, commenced this action alleging that defendant is liable under General Mu-

nicipal Law § 205-a and the doctrine of respondeat superior for personal injuries sustained by plaintiff in an accident allegedly caused by the negligence or recklessness of plaintiff's fellow employee in failing to comply with various requirements of the Vehicle and Traffic Law. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Contrary to defendant's contention, plaintiff is among the class of persons covered by section 205-a, which by its terms establishes a right of recovery on the part of "any officer, member, *agent or employee* of any fire department injured . . . while in the *discharge or performance at any time or place of any duty* imposed by the fire commissioner, fire chief or other superior officer of the fire department" (§ 205-a [1] [emphasis added]). Contrary to defendant's further contention, we conclude that plaintiff's application for and acceptance of workers' compensation benefits based on the injuries does not preclude this action against the employer (*see generally Gonzalez v Iocovello,* 93 NY2d 539, 546, 549-550 [1999]). The statute by its terms grants the aforementioned right of recovery "[i]n addition to any other right of action or recovery under any other provision of law" (§ 205-a [1]; *see generally Gonzalez,* 93 NY2d at 549). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.