■ MARIA HERRERA, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [779 NYS2d 27]—

Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered December 18, 2002, upon a jury verdict in favor of defendants-respondents, unanimously affirmed, without costs.

Plaintiff commenced this action to recover for injuries sustained when she fell, allegedly by reason of a defect in a city-owned sidewalk that had been the site of recent repair work by defendant contractor Anthony D'Amico & Son. Contrary to plaintiff's contention, the trial court properly declined to charge Administrative Code of the City of New York § 19-152 (a) to the jury. Section 19-152 (a) imposes no affirmative sidewalk maintenance duty on either defendant City or defendant contractor and, accordingly, proof of its violation would not have been probative of plaintiff's claim of negligence against those defendants (*see Gonzalez v Iocovello*, 93 NY2d 539, 552 [1999]; *St. Jacques v City of New York*, 88 NY2d 920 [1996]). Concur—Saxe, J.P., Sullivan, Williams, Friedman and Marlow, JJ.

■ CONGREGATION KEHILATH JESHURUN, Respondent, v CHAIM OPHIR et al., Appellants. [778 NYS2d 276]—Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 24, 2003, which denied defendants' motion for summary judgment dismissing the complaint on grounds of a defense based on documentary evidence, claims barred by the statute of frauds, and failure to state a cause of action, unanimously affirmed, without costs.

In seeking to recover an apartment occupied by plaintiff's employee, exploration of plaintiff's relationship with the building landlord and defendants is essential to resolution of this dispute. According every reasonable inference to plaintiff's allegations, the complaint is viable. Concur—Saxe, J.P., Sullivan, Williams, Friedman and Marlow, JJ.