■ SUSAN SALVADOR-PAJARO et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [860 NYS2d 47]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 12, 2007, which, in an action by a Port Authority police officer against the Port Authority for personal injuries allegedly caused by an unsafe workplace, in New Jersey, denied the Port Authority's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

While Workers' Compensation Law § 11 does not preclude plaintiff's cause of action under General Municipal Law § 205-e (*see Gonzalez v Iocovello*, 93 NY2d 539, 549-550 [1999]), the action must be dismissed for two reasons. First, Labor Law § 27-a ("Safety and health standards of public employees"), on which plaintiff's General Municipal Law § 205-e cause of action is predicated, does not apply to the Port Authority, an Interstate Compact agency. Such an agency is not subject to New York legislation governing "internal operations," e.g., employer/employee relations (*see Matter of Agesen v Catherwood*, 26 NY2d 521, 525-526 [1970] ["the (Port) Authority, albeit bistate, is

subject to New York's laws involving health and safety, insofar as its activities may externally affect the public"]), absent concurring legislation by New Jersey, and absent any reference to the agency in the statute or its legislative history (*see Matter of Malverty v Waterfront Commn. of N.Y. Harbor*, 71 NY2d 977, 980 [1988]). Second, New York Labor Law provisions regulating workplace safety, such as section 27-a, do not apply to workplaces located outside of New York, even though the injured worker and workplace owner are both New York domiciliaries (*see Padula v Lilarn Props. Corp.*, 84 NY2d 519 [1994]; *Grivas v Port Auth. of N.Y. & N.J.*, 229 AD2d 301 [1996], *lv dismissed* 89 NY2d 1029 [1997]). Concur—Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ.