■ GIOVANNI HYMAN, Appellant, v AGTUCA REALTY CORPORATION et al., Defendants, and AIMES COLLISION, INC., Doing Business as AIMES TOWING, INC., et al., Respondents. [913 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), dated February 14, 2010, which, inter alia, granted that branch of the motion of the defendants Aimes Collision, Inc., doing business as Aimes Towing, Inc., Aimes Towing & Collision, Inc., Long Island International Auto, Inc., doing business as Aimes Towing, Inc., and Aimes Towing & Collision, Inc., which was, in effect, for summary judgment dismissing the complaint insofar as asserted against those defendants on the ground that the action is barred by the exclusivity provisions of the Workers' Compensation Law, and granted that branch of those defendants' motion which was to impose sanctions on him to the extent of directing him to pay "costs and disbursements on this motion."

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when the cigarette he was smoking ignited flammable material while he was working in a paint mixing room at the premises of his employer, Aimes Towing & Collision, Inc. (hereinafter Aimes Towing). The plaintiff commenced this action against, among others, Aimes Towing and its corporate affiliates (hereinafter collectively Aimes). Thereafter, Aimes moved, inter alia, in effect, for summary judgment dismissing· the complaint insofar as asserted against it. The Supreme Court granted Aimes' motion, and we affirm.

The exclusive remedy available to an employee injured in the course of his employment is to file a claim for workers' compensation benefits (see Workers' Compensation Law §§ 10, 11, 29 [6]; Cronin v Perry, 244 AD2d 448 [1997]; O'Rourke v Long, 41 NY2d 219, 221 [1976]). Here, Aimes demonstrated, prima facie, that it had a valid workers' compensation policy in effect at the time of the accident, that the plaintiff was employed by it and was under its supervision and control at the time of the accident, and that the plaintiff made a claim for and was awarded workers' compensation insurance benefits through Aimes' workers' compensation insurance carrier and had received such benefits for over 3$^1$/$_2$ years in excess of the sum of

$90,000. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of Aimes' motion which was, in effect, for summary judgment, dismissing the complaint insofar as asserted against it, as the plaintiff's claims were barred by the exclusivity provisions of the Workers' Compensation Law (*see Anduaga v AHRC NYC New Projects, Inc.*, 57 AD3d 925 [2008]; *Garcia v Pepe*, 42 AD3d 427, 429 [2007], *lv denied* 10 NY3d 705 [2008]).

The plaintiff's contention that the Supreme Court erred in granting that branch of Aimes' motion which was to impose sanctions on the plaintiff is without merit, as the order did not impose sanctions, but awarded Aimes "costs and disbursements" only.

The plaintiff's remaining contentions are without merit. Covello, J.P., Florio, Eng and Chambers, JJ., concur.