[922 NYS2d 160]

Mark Weiner, Respondent, v City of New York et al., Appellants.

Second Department, April 26, 2011

## APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel*, New York City (*Barry P. Schwartz, Julie Steiner* and *Michael Shender* of counsel), for appellants.

*Friedman, Khafif & Sanchez, LLP*, Brooklyn (*Andrew M. Friedman* and *Arnold DiJoseph* of counsel), for respondent.

## OPINION OF THE COURT

BALKIN, J.

The principal issue on this appeal is whether a New York City emergency medical technician injured in the line of duty on municipal property because of alleged defects in those premises may maintain an action against his municipal employer under General Municipal Law § 205-a despite his eligibility for workers' compensation benefits. In determining this issue, we must resolve the tension between Workers' Compensation Law § 11, which provides that an employer's liability under the Workers' Compensation Law "shall be exclusive and in place of any other liability whatsoever," and General Municipal Law § 205-a (1), which provides a right of action "[i]n addition to any other right of action or recovery under any other provision of law."

On October 26, 2007, at approximately 10:30 P.M., Mark Weiner, an emergency medical technician (hereinafter EMT) employed by the Fire Department of the City of New York (hereinafter the Fire Department), responded to a call that a person needed assistance on the Reigelman Boardwalk, at Brighton 4th Street, in Brooklyn. While searching on the boardwalk for the

injured person, Weiner allegedly fell through a hole in a grate and sustained injuries.

Weiner applied for, and received, workers' compensation benefits. As well, in January 2008, after timely filing a notice of claim, he commenced this action against the City of New York and the New York City Parks & Recreation Department (hereinafter together the City defendants) seeking to recover damages for his injuries. The first of his two causes of action alleged, in essence, that the City defendants were negligent in their ownership, operation, and maintenance of the boardwalk. The second cause of action alleged that the City defendants' violation of various provisions of the Administrative Code of the City of New York caused his injuries, thereby giving rise to a right of action under General Municipal Law § 205-a.

Answering Weiner's complaint, the City defendants pleaded, as an absolute bar to the action, the exclusivity provision of the Workers' Compensation Law (see Workers' Compensation Law § 11), and they eventually moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint. The Supreme Court denied the motion on authority of the decision of the Appellate Division, Fourth Department, in Lo Tempio v City of Buffalo (6 AD3d 1197 [2004]), in the absence of controlling authority from this Department (see People v Turner, 5 NY3d 476, 482 [2005]; Mohen v Stepanov, 59 AD3d 502, 504 [2009]; Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665 [1984]). In Lo Tempio, the Fourth Department held that the plaintiff (like Weiner, an EMT employed by a fire department) was not barred by the Workers' Compensation Law from bringing an action against his municipal employer asserting liability under General Municipal Law § 205-a and common-law negligence.[1] The City defendants appeal.

The Court of Appeals has described New York's Workers' Compensation Law, which was enacted in 1914 (as the Workmen's Compensation Law [L 1913, ch 816]), as "the State's most general and comprehensive social program, enacted to provide all injured employees with some scheduled compensation and medical expenses, regardless of fault for ordinary and unqualified employment duties" (Matter of Balcerak v County of

---

1. Similarly, the Appellate Division, First Department, has opined, in dictum, that the Workers' Compensation Law does not bar a claim against a government employer under a similar statute, General Municipal Law § 205-e, which is applicable to police officers (see Salvador-Pajaro v Port Auth. of N.Y. & N.J., 52 AD3d 303 [2008]).

*Nassau*, 94 NY2d 253, 259 [1999]; *see Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d 772, 779 [1998]; *Burlew v American Mut. Ins. Co.*, 63 NY2d 412, 416 [1984]). A cornerstone of the workers' compensation framework is a tradeoff: the employee is afforded "swift and sure" compensation and the employer is assured that its workers' compensation liability to its employee "shall be exclusive and in place of any other liability whatsoever" (Workers' Compensation Law § 11; *see* Workers' Compensation Law § 29 [6]; *Gonzales v Armac Indus.*, 81 NY2d 1, 8 [1993]; *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 159 [1980]; *O'Rourke v Long*, 41 NY2d 219, 222 [1976]; *Williams v Hartshorn*, 296 NY 49, 50 [1946]; *Hyman v Agtuca Realty Corp.*, 79 AD3d 1100 [2010]).

General Municipal Law § 205-a has a much narrower scope. It was enacted, in large part, to limit the harsh effects of the "firefighter's rule," which barred firefighters from recovery in negligence for injuries suffered in the line of duty (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 76 [2003]). Section 205-a was added to the General Municipal Law in 1935 (L 1935, ch 800, § 2) and broadened several times; it provides a right of action, as relevant here, to "any officer, member, agent or employee of any fire department" injured "while in the discharge or performance at any time or place of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department" "as a result of any neglect, omission, willful or culpable negligence of any person . . . in failing to comply with the requirements of any of the statutes, ordinances, [etc. of] city governments." (General Municipal Law § 205-a [1].) Inasmuch as the right of action it confers is "[i]n addition to any other right of action or recovery under any other provision of law" (General Municipal Law § 205-a [1]), this provision on its face conflicts with the Workers' Compensation Law exclusivity provision.

When the Court of Appeals, in *Santangelo v State of New York* (71 NY2d 393, 397 [1988]), applied the firefighter's rule to police officers, the Legislature's response was swift: it enacted General Municipal Law § 205-e to give police officers the same right of action as was available to firefighters under General Municipal Law § 205-a. Indeed, the sponsors' memorandum left no doubt as to the sponsors' intent: after noting that "[a]s a result of several recent court decisions, it was held that police officers are prohibited from recovering damages for injuries sustained in the line of duty due to the negligence of some other

party," the sponsors stated that "[t]his bill would be identical to general municipal law, section 205-a, which was enacted in 1935 to provide firefighters the right to recover damages for injury or death" (Dean G. Skelos and Eric N. Vitaliano, Mem in Support, Bill Jacket, L 1989, ch 346, at 5). As Senator Skelos stated in a letter to the Governor's Counsel requesting that the Governor sign the bill:

> "The absence of a law to protect the policemen is totally unfair where for the last fifty years the firefighters have had a statute to protect them.
>
> "If a fireman and a policeman are in a burning building together and both are injured by a defect in violation of code, the fireman is able to recover for his damages while the policeman is not. This situation is not tolerable" (Letter from Senator Skelos, June 30, 1989, Bill Jacket, L 1989, ch 346, at 6).

Notably as well, the Division of the Budget, in reporting on the bill, opined that "[t]his new section does not expand or restrict any provision of the Workers' Compensation law" (Budget Report on Bills, Bill Jacket, L 1989, ch 346, at 20). The New York State Conference of Mayors and Other Municipal Officials noted and explained the difference between General Municipal Law § 205-a and the proposed section 205-e:

> "The amendment to this bill contains language which addresses a concern of the members of this organization as to the potential impact of this proposed legislation upon provisions of the Workers' Compensation Law. In view of this amendment to the bill, the previous objections of this organization are removed and the bill is supported" (NY St Conference of Mayors and Other Mun Officials Mem in Support, Bill Jacket, L 1989, ch 346, at 29).

Later, however, that organization recommended veto of the bill on other grounds (*id.* at 35-36). Over the ensuing seven years, both statutes were amended. Each amendment broadened the rights of firefighters and police officers. These changes culminated in chapter 703 of the Laws of 1996, which, in addition to making several more changes to General Municipal Law §§ 205-a and 205-e, added a new section to the General Obligations Law, section 11-106, which, as the Court of Appeals observed in *Giuffrida*, "largely abolishes the firefighter's rule by giving firefighters and police officers a cause of action in

negligence for injuries suffered while in the line of duty (except as to actions against municipal employers and fellow workers)" (*Giuffrida v Citibank Corp.*, 100 NY2d at 78). Indeed, that was the goal of the sponsors:

> "The sum effect of these amendments is the completion of a process begun in 1935 with the enactment of General Municipal Law Section 205-a (L. 1935, ch. 800): the abolition of the harsh and antiquated 'firefighter's rule', a rule which singles out police officers and firefighters as the only public employees barred from suing tortfeasors who injure them while they are acting within the scope of their duties" (Letter from Senator Dean Skelos to Counsel to the Governor, July 19, 1996, Bill Jacket, L 1996, ch 703, at 6).

The current versions of General Municipal Law § 205-a (1) and § 205-e (1) are mostly identical, with two significant exceptions. First, while the minimum liability amounts applicable to police officers' right of action have not been changed since General Municipal Law § 205-e was enacted in 1989 (when the amounts in the two provisions were identical, $1,000 for injury and $5,000 for death [*see* General Municipal Law § 205-e (1)]), the minimums applicable to firefighters' claims were substantially increased in 1992 ($10,000 for injury and $40,000 for death [*see* General Municipal Law § 205-a (1)]).

Second, General Municipal Law § 205-e (1) has, since its enactment, ended with the following: "provided, however, that nothing in this section shall be deemed to expand or restrict any right afforded to or limitation imposed upon an employer, an employee or his or her representative by virtue of any provisions of the workers' compensation law." The provision applicable to employees of fire departments does not contain this provision.

As noted above, Weiner has already sought and collected workers' compensation benefits with respect to the injuries he sustained on the boardwalk; now he seeks to recover damages from his municipal employer under both common-law negligence and the right of action provided by General Municipal Law § 205-a.

In determining whether the Workers' Compensation Law or the General Municipal Law controls, we first take note of the City defendants' contention that, despite Weiner's undisputed status as an employee of the Fire Department, Weiner is not

entitled to the benefit of General Municipal Law § 205-a, despite its broad statement of application to "any . . . employee of any fire department." Certainly, when General Municipal Law § 205-a was enacted in 1935, EMTs were not employees of the Fire Department (*cf. Matter of Sing W.C. [Sing Y.C.—Wai M.C.]*, 83 AD3d 84, 93 [2011]). New York City EMTs became employees of the Fire Department on March 17, 1996, pursuant to Executive Order (Giuliani) No. 27 (*see* Local Law No. 20 [1996] of City of NY; *Matter of Gallagher v City of New York*, 307 AD2d 76, 77 [2003]). And, none of the available legislative history relating to General Municipal Law § 205-a contains any reference to EMTs; rather, the legislative history concerns the Legislature's ongoing, and now substantially completed, efforts to abolish the firefighter's rule as applied to firefighters and police officers.

No case has been brought to our attention, and we can find none, in which the firefighter's rule was applied to an EMT. Consequently, there is no evidence that the Legislature ever considered whether to include EMTs within the scope of General Municipal Law § 205-a. In light of the analysis below, however, we need not decide whether, given the clear statutory language, EMTs are nevertheless entitled to the right of action provided by General Municipal Law § 205-a.

■ The text of Workers' Compensation Law §§ 11 and 29 (6) conflicts with that of General Municipal Law § 205-a. Both purport to override any other provision, and only one can be given effect. As previously noted, the Workers' Compensation Law provides a comprehensive structure for guaranteeing workers compensation for injuries they suffer in the course of employment. The exclusivity provision, which the Court of Appeals has referred to as a "basic proposition" (*Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d at 779; *see generally* Minkowitz, New York Workers' Compensation Law § 8:1, at 355-356 [2003]), is central to the entire workers' compensation premise, and giving effect instead to the overriding language of the General Municipal Law would undermine that system. By contrast, the intended scope of General Municipal Law §§ 205-a and 205-e is much more limited, seeking only to limit and, in conjunction with General Obligations Law § 11-106, to largely abolish the judicially created firefighter's rule. Giving effect to the Workers' Compensation Law exclusivity provision would not significantly impinge on the more modest legislative goals embodied in the General Municipal Law provisions at issue here.

Indeed, despite the expansive language of General Municipal Law § 205-a (1) and § 205-e (1)—"[i]n addition to any other right of action or recovery under any other provision of law"— they are not always controlling when in conflict with other broad statutory schemes. For example, in the no-fault insurance context, Insurance Law § 5104 (a) provides that

> "[n]otwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."

The Fourth Department has applied that "serious injury" threshold requirement to firefighters who were injured in a car accident and then brought an action pursuant to General Municipal Law § 205-a (*see Blake v Ford*, 98 AD2d 972 [1983]; *City of Buffalo v Murry*, 79 AD2d 1096 [1981]), and our Court has applied the serious injury threshold to police officers who sought to proceed under General Municipal Law § 205-e (*see Village of Suffern v Baels*, 215 AD2d 751, 752 [1995]; *Incorporated Vil. of Freeport v Sanders*, 101 AD2d 808, 809 [1984]).

In light of the foregoing, we disagree with our colleagues in the Fourth Department (*see Lo Tempio v City of Buffalo*, 6 AD3d 1197 [2004]), and hold instead that the provisions of General Municipal Law § 205-a (1) must yield to the exclusivity provisions of the Workers' Compensation Law and, thus, that Weiner's claim against the City defendants under General Municipal Law § 205-a is barred.[2]

We are no less confident in this conclusion when we consider the proviso that appears at the end of General Municipal Law

---

**2.** The narrow practical effect of our holding is evidenced by the fact that it has no effect on the rights of the City's firefighters, who, unlike EMTs, are not covered by the Workers' Compensation Law in the first place, but by the more generous and nonexclusive provisions of the Administrative Code of the City of New York (*see* Administrative Code of City of NY § 15-108.1). Neither does our holding have any effect on the City's police officers, who likewise are not covered by the Workers' Compensation Law, but by the provisions of the Administrative Code (*see* Administrative Code of City of NY § 14-122.1; *see e.g. Gonzalez v Iocovello*, 249 AD2d 143 [1998], *affd* 93 NY2d 539 [1999]). Finally, it does not affect the rights of firefighters and police officers outside the city who are not covered by their municipal employers under the Workers' Compensation Law and are instead entitled only to benefits under General Municipal Law § 207-a (firefighters) and § 207-c (police) or some other disability provision (*cf. O'Dette v Parton*, 190 AD2d 1074, 1075 [1993]).

§ 205-e (1), relating to police officers, but which does not appear in General Municipal Law § 205-a (1). That proviso—"provided, however, that nothing in this section shall be deemed to expand or restrict any right afforded to or limitation imposed upon an employer, an employee or his or her representative by virtue of any provisions of the workers' compensation law"—has been a part of General Municipal Law § 205-e (1) since it was originally enacted. It appears to us that this language was intended to address concerns expressed during the legislative process as to the possible effect of the legislation. We do not see it as either an acknowledgment or an intention that the absence of such language in General Municipal Law § 205-a be construed as overriding the limitations of the Workers' Compensation Law.

■ Finally, we hold also that Weiner's cause of action alleging common-law negligence against the City defendants is barred by the Workers' Compensation Law. We reject Weiner's assertion that he is entitled to proceed against the City not in its status as his employer, but as the owner of the boardwalk (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d at 159; *see also Rainey v Jefferson Vil. Condo No. 11 Assoc.*, 203 AD2d 544, 546 [1994]; *Jackson v Tivoli Towers Hous. Co.*, 176 AD2d 918 [1991]).

Accordingly, the order appealed from is reversed, on the law, and the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint is granted.

PRUDENTI, P.J., DILLON and CHAMBERS, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint is granted.