*575 Pigott, J.
(dissenting). Because, in my view, Labor Law § 27-a (3) (a) (1), by itself, is too general to serve as a predicate for a General Municipal Law § 205-e cause of action, I respectfully dissent.
We explained in Williams v City of New York (2 NY3d 352 [2004]) that “as a prerequisite to recovery [under General Municipal Law § 205-e], a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties” (id. at 364 [citations omitted and emphasis supplied]; see Desmond v City of New York, 88 NY2d 455, 463-464 [1996] [stating that section 205-e “was not enacted to give police officers an unrestricted right to recover for all negligently caused line-of-duty injuries. Nor was it intended to give police officers a right to sue for breaches of any and all governmental pronouncements of whatever type and regardless of how general or specific those pronouncements might be”]). Section 27-a (3) (a) (1) requires every employer to
“furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees.”
This provision is a general one, and we have previously referred to it as the “general duty” clause (Williams, 2 NY3d at 367).
Plaintiff claims that she is entitled to recover under the general duty clause because the truck from which she fell was dangerous and defective, i.e., it was too short to accommodate the barriers she was asked to load. Relying on the companion cases Gonzalez v Iocovello and Cosgriff v City of New York (93 NY2d 539 [1999]), the majority claims that this section provides a “clear legal duty, expressed in a well-developed body of law and regulation” (majority op at 571). The provisions in those cases, however, were plainly more specific and set forth legal duties that were more clear than section 27-a (3) (a) (l)’s requirement that employers provide a safe workplace (see Gonzalez, 93 NY2d at 550-551 [holding that Vehicle and Traffic Law § 1104 (e) could serve as a predicate for liability because it did not absolve operators of emergency vehicles of liability for “reckless disregard for the safety of others”]; Cosgriff, 93 NY2d at 552-553 [holding that sections of the New York City Charter and Administrative Code of City of NY concerning repairs of *576 defective sidewalks could serve as a predicate for General Municipal Law § 205-e liability]). In each of those cases, we were asked to examine laws or regulations that dealt with clear legal duties, whereas, in contrast, although the general duty clause here may impose some abstract “duty” to provide a safe workplace, it could hardly be said that it is the type of “clear legal duty” mentioned in Williams.
That does not mean, however, that a police officer or firefighter could never utilize Labor Law § 27-a (3) (a) (1) as a predicate, only that in order to do so, they should be required to cite to a specific regulation that they claim was violated. It is not insignificant that Labor Law § 27-a requires the Commissioner of Labor to not only “adopt all safety and health standards promulgated under the United States Occupational Safety and Health Act of 1970” (Labor Law § 27-a [4] [a]), but also to “promulgate rules and regulations recommended to him by . . . [the state occupational safety and health hazard abatement board] which establish standards whenever such board finds” either that no federal standard exists or that a federal standard exists but that conditions in public workplaces require a different standard (Labor Law § 27-a [4] [b] [i], [ii]). These standards promote section 27-a (3) (a) (l)’s goal of providing a safe workplace, and it is not coincidental that section 27-a (3) (a) (2) requires every public employer to “comply with the safety and health standards promulgated under [section 27-a].”
In this respect, I would employ the same analysis to the claims made by police officers and firefighters under the general duty clause that we employ in our analysis of a Labor Law § 241 (6) cause of action. With respect to the latter claim — which is routinely brought by a construction worker against a contractor and owner — we have required the worker to identify the specific rule or regulation promulgated by the Commissioner of Labor that the contractor or owner allegedly violated (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]; see also Labor Law § 241 [6]). The rule or regulation alleged to have been violated must be a “specific” and “positive command” rather than a mere reiteration of a common-law standard of care that would do little more than incorporate “the ordinary tort duty of care into the Commissioner’s regulations” (Ross, 81 NY2d at 504).
Here, the majority claims that the common-law standard of care — the duty to provide a safe workplace — by itself, may serve as a predicate for a General Municipal Law § 205-e claim. In my *577 view, a plaintiff must do more than just cite to a common-law duty of care in order to recover under General Municipal Law § 205-e while utilizing the general duty clause as a predicate; the plaintiff should also be required to cite to at least one of the hundreds of thousands of regulations either adopted or promulgated by the Commissioner of Labor.
Plaintiff has done so in this case, asserting, in addition to her claim under the general duty clause, that defendants violated 29 CFR 1910.23 (c) (1), which is an Occupational Safety and Health Act provision. Neither the Appellate Division nor Supreme Court addressed whether this provision applied to the facts of this case. Therefore, I would remand to Supreme Court to consider the applicability of that federal regulation to plaintiffs General Municipal Law § 205-e cause of action.
Chief Judge Lippman and Judges Smith and Abdus-Salaam concur; Judge Pigott dissents in an opinion in which Judge Read concurs.
Order, insofar as appealed from, affirmed, with costs, and certified question answered in the affirmative.