Suarez v City of New York (2025 NY Slip Op 05778)

Suarez v City of New York

2025 NY Slip Op 05778

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ.

Index No. 26291/20|Appeal No. 4993|Case No. 2024-06591|

[*1]Irma Suarez, Plaintiff-Appellant,

v

The City of New York, Defendant-Respondent, Jasmine Fields, et al., Defendants.

Zalman Schnurman & Miner P.C., New York (Marc H. Miner of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (ChloÉ K. Moon of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about October 10, 2024, which granted defendant City of New York's motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.

Plaintiff does not claim that the defect in question included a hole in the grass path on which she was walking immediately before she fell. Although she testified that her right foot hit a cement driveway's raised edge "where there was . . . a hole and the cement was . . . like two inches higher than the grass," she never testified that the hole contributed to her fall. To the contrary, she maintained in her opposition to the City's motion that she tripped on the raised edge, and on appeal she also argues, inter alia, that the proximate cause of her fall was a "missing sidewalk" that gave way to the raised driveway edge, not a hole in the grass.

Regardless, summary judgment was properly granted because the absence of a sidewalk is not a defect for which the City is liable under Administrative Code of the City of New York § 19-152(a). The statute "imposes no affirmative sidewalk maintenance duty on . . . defendant City . . . and, accordingly, proof of its violation would not have been probative of plaintiff's claim of negligence against" the City (Herrera v City of New York, 8 AD3d 139, 139 [1st Dept 2004]).

Furthermore, the City established prima facie that it had no notice of the driveway's raised edge (Administrative Code §§ 7-201[c][2] and 7-210). The Big Apple Map, which indicated only that the location of the accident had no sidewalk, was not evidence from which a jury could reasonably find notice of a raised edge of a cement driveway, an entirely different defect (see D'Onofrio v City of New York, 11 NY3d 581, 584-585 [2008]; Roldan v City of New York, 36 AD3d 484, 484 [1st Dept 2007] ["The awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident"]).

In opposition, plaintiff failed to raise a triable issue of fact regarding the City's notice of the alleged defect. As the court noted, work orders and inspection records from the New York City Department of Parks and Recreation do not constitute written notice in violation of Administrative Code § 7-201(c)(2) (see Harvey v Henry 85 LLC, 171 AD3d 531, 531-532 [1st Dept 2019], lv denied 33 NY3d 911 [2019]).

We have considered plaintiff's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 21, 2025