■ MARY B. O. RUOTOLO, as Administratrix of the Estate of THOMAS RUOTOLO, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 70726.)—Order, Court of Claims of the State of New York (Gerard M. Weisberg, J.), entered September 9, 1988, which, in this action for wrongful death and negligence, *inter alia,* granted summary judgment to defendant and dismissed the claim, unanimously affirmed, without costs.

This claim arises from a February 14, 1984 shooting in

which Police Officer Thomas Ruotolo was fatally wounded, and claimants, Officer Hippolito Padilla and Officer Tanya Brathwaite, were injured while investigating an armed robbery. Claimants maintain that the New York State Board of Parole was negligent in not having filed a detention warrant for parole violation (Executive Law § 259-i [3] [a] [i]; 9 NYCRR 8004.2 [d] [2]) against the gunman, George Agosto, based upon two felony arrests.

It is a long-standing common-law rule that police officers cannot recover against those whose negligence occasioned a service-related injury. Sound public policy militates against recovery by police for injuries occasioned by the hazardous duties for which they have been trained and are compensated by the public. *(Santangelo v State of New York,* 127 AD2d 647, 648 [2d Dept 1987], *affd* 71 NY2d 393, 397-398 [1988].)

Moreover, public entities are immune from liability in common-law negligence arising out of the performance of governmental functions unless (1) the injured party can establish a special relationship with the entity, which created a special duty to protect that individual, and (2) the party relied on the performance of that duty. *(Miller v State of New York,* 62 NY2d 506, 510 [1984]; *Tarter v State of New York,* 68 NY2d 511, 519 [1986].)* Because neither Executive Law § 259-i nor 9 NYCRR 8004.2 creates such a special duty or private cause of action in favor of these claimants, the claims were properly dismissed.

Finally, claimants maintain that newly enacted General Municipal Law § 205-e (L 1989, ch 346), modeled after section 205-a relating to firefighters, creates a cause of action against the State. That section grants police officers or their representatives a civil cause of action to recover damages for line-of-duty injuries resulting from a person's failure to comply with a statute, order, ordinance or rule. Since section 205-e, effective July 12, 1989, may not be retroactively applied *(Murphy v Board of Educ.,* 104 AD2d 796 [2d Dept 1984], *affd* 64 NY2d 856 [1985]), we need not reach the question of that statute's applicability in this case. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ. *[See,* 141 Misc 2d 111.]