*311
 
 OPINION OF THE COURT
 

 Wesley, J.
 

 This case requires us to examine the scope of the revival provision of General Municipal Law § 205-e as applied to an action, involving an automobile accident occurring prior to the 1992 amendment to the statute. The lawsuit was not commenced until October 1994. We hold that both the plain language, of the statute and its legislative purpose to provide a broad revival remedy support the plaintiffs position that his action is timely.
 

 I.
 

 Officer James Schiavone was injured in an automobile accident on December 7, 1991 while on police patrol in the Bronx. Schiavone was a passenger in a patrol car, which had its emer
 
 *312
 
 gency lights and sirens operating when it entered an intersection and struck a civilian vehicle making a left turn in the path of the patrol car. Without filing a notice of claim, plaintiff commenced this personal injury action against the City by filing a summons and complaint on October 26, 1994. He alleged a cause of action under General Municipal Law § 205-e. Specifically, plaintiff asserted that his fellow officer had been negligent in operating the vehicle and had failed to comply with Vehicle and Traffic Law § 1144 (b); §§ 1140, and 1180, as well as sections 4-02, 4-06 and 4-07 of the New York City Traffic Rules and Regulations (34 RCNY).
 

 After the City answered, plaintiff moved to amend the complaint to reflect the correct date of the accident.
 
 [1]
 
 The City cross-moved to dismiss the complaint, or in the alternative for summary judgment, on the grounds that the action was untimely and that the complaint failed to state a cause of action. The City argued that the action had been commenced after the required 1 year and 90 day period in General Municipal Law § 50-i, and that the revival provision of General Municipal Law § 205-e was inapplicable. The City further contended that the complaint did not specify the violation of sufficiently particularized statutes or regulations to support an action under section 205-e, and that no cause of action could be brought under the statute based on the alleged misconduct of a fellow officer.
 

 Supreme Court denied the City’s cross motion, holding that the action had been timely commenced under the plain language of General Municipal Law § 205-e. The court noted that the statute provided for the revival of non-premises-related accident claims accruing prior to June 30, 1992, so long as they were brought on or before June 30, 1995. The court also rejected the City’s alternative argument for dismissal, finding “no authority” for the City’s arguments that violations of the designated statutes and regulations would not support a cause of action under section 205-e. The court did not address the City’s argument that an action could not be based on the negligence of a fellow officer.
 

 The Appellate Division reversed, reaching only the timeliness issue. The Court held that “[t]he revival of claims arising under [General Municipal Law § 205-e] applies only to claims that accrued between January 1, 1987, and July 12, 1989” (240
 
 *313
 
 AD2d 723, 723-724). We granted plaintiff’s motion for leav.e to appeal, and now reverse.
 

 II.
 

 General Municipal Law § 205-e was originally enacted in 1989 for the express purpose of “mitigating] the effect of the common law ‘fireman’s rule’ ” as applied to police officers (Mem of State Exec Dept, L 1989, ch 346, 1989 McKinney’s Session Laws of NY, at 2140).
 
 [2]
 
 A similar provision protecting firefighters has been in existence since 1935; however, it was not until this Court’s 1988 decision in
 
 Santangelo v State of New York
 
 (71 NY2d 393), extending the common-law firefighter’s rule to police officers, that the need for similar legislation applying to police officers became apparent. For example, in
 
 Matter of Ruotolo v State of New York (Ruotolo I)
 
 (141 Misc 2d 111,
 
 affd,
 
 157 AD2d 452,
 
 lv denied
 
 75 NY2d 710), the Court of Claims dismissed an action brought by a police officer to recover for the State’s alleged negligence in failing to jail a parolee, citing
 
 Santangelo (see also, Wynne v Tullman,
 
 151 AD2d 476;
 
 Benjamin v Sodus Cold Stor. Co.,
 
 149 AD2d 937;
 
 O’Connor v O’Grady,
 
 143 AD2d 738). Section 205-e was added in order to abrogate these decisions, by “providing] police officers and their representatives with the same right accorded firefighters and their representatives” under General Municipal Law § 205-a (Mem of State Exec Dept,
 
 op. cit.,
 
 1989 McKinney’s Session Laws of NY, at 2141;
 
 see generally, Desmond v City of New York,
 
 88 NY2d 455, 462-463).
 

 Despite the evident legislative goal, some courts initially held that section 205-e did not apply retroactively
 
 (see, e.g., Ruotolo I, supra,
 
 157 AD2d 452,
 
 affg
 
 141 Misc 2d 111)..In order to “ensure that causes of action not time-barred or finally adjudicated can be brought under the new law” (Mem of State Exec Dept, L 1990, ch 762, 1990 McKinney’s Session Laws of NY, at 2494, 2495), the statute was amended by chapter 762 of the Laws of 1990.
 

 The 1990 amendment declared the 1989 enactment remedial; it also added a revival provision that explicitly allowed an action to be brought for any claim that was pending, dismissed, or that would have been actionable, on or after January 1,
 
 *314
 
 1987 had the statute been in effect, so long as suit was commenced on or before June 30, 1991. The statute also explicitly exempted these actions from any notice of claim requirements, including General Municipal Law §§ 50-e and 50-i. The Legislature noted that the bill was necessary to deal with “conflicting court interpretations of whether injuries and deaths that occurred prior to the effective date of [the original enactment] can be redressed as a result of its passage”
 
 (id.,
 
 at 2494-2495;
 
 see generally, Matter of Ruotolo v State of New York [Ruotolo II],
 
 83 NY2d 248, 257-258).
 

 Thus, as originally enacted the revival provision of General Municipal Law § 205-e allowed all plaintiffs whose claims fell within the window period of January 1, 1987 to July 12, 1989 (the effective date of the original enactment) to bring an action to recover for their injuries, without complying with sections 50-e and 50-i of the General Municipal Law, so long as the action was commenced on or before June 30, 1991. However, the 1989 amendment did not end the Legislature’s efforts.
 

 In 1992, it amended section 205-e for the second time, to provide that an officer would have a right of action for injuries sustained “in the discharge or performance
 
 at any time or place
 
 of any duty imposed [by law, etc.]” (General Municipal Law § 205-e [1], italicized material added by L 1992, ch 474). This amendment was again precipitated by a number of lower court decisions that had limited the substantive scope of General Municipal Law § 205-e to premises-related accidents
 
 (see, e.g., Sciarrotta v Valenzuela,
 
 182 AD2d 443;
 
 Buckley v City of New York,
 
 176 AD2d 207,
 
 lv denied
 
 79 NY2d 757;
 
 Matter of Ruotolo v State of New York [Ruotolo II],
 
 151 Misc 2d 820,
 
 revd
 
 187 AD2d 160,
 
 affd
 
 83 NY2d 248). Thus, the 1992 amendment represented yet another stroke of the Legislature’s pen, in response to judicial decisions.
 

 In addition to the substantive clarification of the liability portion of section 205-e, the revival aspect was amended to provide that:
 

 “every cause of action for the personal injury or wrongful death of a police officer which was pending on or after [January 1, 1987], because this section was not yet effective, or which would have been actionable on or after [January 1, 1987] had this section been effective is hereby revived and an action thereon may be commenced at any time provided that such action is commenced on or before [June 30, 1993].”
 

 
 *315
 
 The Appellate Division in this case held that, notwithstanding the 1992 amendment, the revival provision of section 205-e applied only to claims accruing between January 1, 1987 and July 12, 1989. The Court’s reasoning appears to be that on July 12, 1989 (the effective date of the original enactment) police officers were granted a substantive claim; thus, actions accruing after that date did not need to be revived
 
 (see, McNulty v New York City Tr. Auth.,
 
 166 Misc 2d 219, 221;
 
 cf., Ruotolo II, supra,
 
 187 AD2d 160, 164,
 
 affd
 
 83 NY2d 248 [“purpose (of the revival statute) was to ensure that actions by police officers * * * who were killed or injured
 
 prior to July 12, 1989,
 
 whose causes of action were not time barred or finally adjudicated could be brought under the new law”]). In the view of the Appellate Division, the 1992 amendment to the revival provision simply extended the date to file claims that had accrued prior to the effective date of the original 1989 enactment.
 

 This reasoning might be pertinent to premises-related claims, since these claims were clearly actionable under the substantive provisions of the original 1989 enactment of section 205-e and court decisions interpreting it. However, as the previously cited Appellate Division decisions point out, it was not clear that the original 1989 enactment gave officers an actionable right with respect to non-premises-related accidents such as occurred here. Under those less expansive court interpretations, plaintiffs cause of action would not have been actionable, even after the effective date of the original enactment of section 205-e in 1989.
 

 Whether the substantive 1992 amendment to the statute represented an expansion of police officers’ rights to sue to encompass non-premises-related accidents, or was simply a clarification of the statute’s original intent, is, in our view, irrelevant to the disposition of this case. Indeed, on appeal to this Court, the City virtually concedes that the Appellate Division’s reasoning was flawed in this regard. Given the clear legislative intent, the provision should be interpreted to encompass any claims, such as plaintiffs, for non-premises-related accidents occurring on or after January 1, 1987, and on or before July 17, 1992, the effective date of the 1992 amendment.
 

 III.
 

 The City, as respondent on this appeal, now also urges that, even if the amended 1992 revival statute would have applied to a nonpremises cause of action accruing prior to July 17,
 
 *316
 
 1992, plaintiffs claim is barred because he did not sue until November 1, 1994, some 17 months after the original deadline for commencing actions provided for in the 1992 amendment. The City acknowledges that in 1994, the revival statute was again amended to provide that claims would be revived so long as actions thereon were commenced on or before June 30, 1995 (L 1994, ch 664).
 
 [3]
 
 However, the City contends that this 1994 amendment was added simply to correct a seemingly inadvertent typographical omission in the 1992 amendment, and that the extended June 30, 1995 filing date should apply only to actions accruing within the January 1, 1987 to July 17, 1992 window that were thereafter
 
 dismissed.
 

 Under the statutory scheme envisioned by the City, all causes of action accruing within the January 1, 1987 to July 17, 1992 window would have to have been commenced on or before June 30, 1993, the commencement deadline contained in the 1992 revival amendment. The June 30, 1995 cutoff date would then apply only to nonpremises actions commenced prior to the effective date of the
 
 1992 amendment
 
 (July 17, 1992) that were subsequently dismissed because the revival provision of the 1992 amendment inadvertently did not include previously dismissed actions. We are not persuaded that the Legislature intended tó create this even more complex and confusing mechanism to revive the claims of injured police officers.
 

 The City’s theory rests on a highly technical and restrictive analysis of the statute’s legislative history. The 1994 amendment to section 205-e does appear to have been aimed primarily at correcting the inadvertent omission of dismissed claims from the 1992 amendment. However, in making this correction, the Legislature did not limit the claims revived to only dismissed claims as the City would have us now hold. By its terms, the statute sweepingly applies to
 

 “every
 
 cause of action for the personal injury or wrongful death of a police officer which was
 
 pending
 
 on or after [January 1, 1987],
 
 or which was dismissed
 
 on or after [January 1, 1987] because this section was not yet effective,
 
 or which would have been actionable
 
 on or after [January 1, 1987] had this section been effective is hereby revived
 
 *317
 
 and an action thereon may be commenced at any time provided that such action is commenced on or before [June 30, 1995] (emphasis added).”
 

 Because plaintiffs cause of action accrued in December 1991, prior to the 1992 substantive expansion of the statute to include nonpremises accidents, the statute applies to this claim. Under its plain terms, an action on this kind of claim could be commenced at any time on or before June 30, 1995. The City’s narrow interpretation is rejected as contrary to the evident language of the statute.
 

 Moreover, an expansive interpretation is consistent with the over-all goal of this legislation, as demonstrated by the Legislature through its numerous amendments to the statute. Indeed, this Court in
 
 Ruotolo II (supra,
 
 83 NY2d, at 258) noted that the Legislature in enacting and amending section 205-e had expressed its remedial intent “emphatically and plainly.” It would be anomalous for this Court to adopt the restrictive interpretation urged by the City when the Legislature has consistently acted to preserve police officers’ rights to sue through amendments to the statute. When the Legislature’s words and actions point out the correct interpretive road to follow, there is no justification for a court of law to follow another path. The Appellate Division therefore erred in reaching a conclusion that conflicts with the language and intent of section 205-e.
 

 The Appellate Division dismissed this action as untimely without addressing the other grounds for dismissal raised by the City at Supreme Court. While this Court may consider alternative legal grounds raised at but not addressed by the Appellate Division, the preferable, more prudent corrective action is remittal.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division for consideration of issues raised, but not reached at that Court.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed, etc.
 

 [1]
 

 . Plaintiffs original complaint alleged that the accident occurred on July 12,1991; however, a police accident report showed the date of the accident to be December 7, 1991.
 

 [2]
 

 . The “fireman’s rule” is a “long-standing common-law rule that firefighters injured while extinguishing fires generally cannot recover against the property owners or occupants whose negligence in maintaining the premises occasioned the fires”
 
 (Santangelo v State of New York,
 
 71 NY2d 393, 396 [citations omitted]).
 

 [3]
 

 . The 1994 amendment to the revised statute was enacted on August 2, 1994, more than one year after the deadline date (June 30, 1993) set forth in the 1992 amendment.