==================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
------------------------------------------------------------------
No. 220
Allison Gammons,
        Respondent,
        v.
City of New York, et al.,
        Appellants.

        Michael Shender, for appellants.
        David L. Kremen, for respondent.
        New York State Trial Lawyers Association, <u>amicus
curiae</u>.

RIVERA, J.:


        In this appeal concerning a police officer's personal
injury action against municipal defendants the City of New York
and the New York City Police Department, we conclude that Labor
Law § 27-a (3) (a) (1) of the Public Employee Safety and Health
Act sets forth an objective clear legal duty that may serve as a

- 1 -

predicate for a claim under General Municipal Law § 205-e.
Therefore, the order of the Appellate Division should be affirmed
and the certified question answered in the affirmative.

I.

Plaintiff Allison Gammons was a police officer with the
New York City Police Department working on "barrier truck detail"
in Brooklyn, New York when she was injured during the course of
loading wooden police barriers onto a police flatbed truck.
According to plaintiff, she was standing at the rear of the truck
holding a barrier when another officer who was helping to load
the truck pushed the barrier into plaintiff's chest, causing her
to fall backwards and off the truck onto the street.

Plaintiff sued defendants City of New York and the New
York City Police Department seeking damages, asserting causes of
action for common law negligence and under General Municipal Law
("GML") § 205-e for failure to comply with Labor Law § 27-a,
known as the Public Employee Safety and Health Act ("PESHA"),
based, in part, on the alleged unsafe and dangerous condition of
the truck.  At her deposition plaintiff stated the truck was too
short to accommodate the full length of the barriers being
loaded, the back was left open and unprotected, the side railings
were only three-feet high, and only one officer could comfortably
fit on the truck during the loading process.  She claimed that on
the date of her injury, defendant Police Department,
nevertheless, had available newer trucks that were sufficiently

long to accommodate the full length of the barriers without any portion hanging off the back, were equipped with a tailgate, and could hold two officers.

Defendants moved for summary judgment pursuant to CPLR 3212, claiming that General Obligations Law § 11-106 (1)[1] barred plaintiff's common law negligence cause of action, and the general duty clause of Labor Law § 27-a (3) (a) (1) could not serve as a statutory predicate to plaintiff's GML § 205-e cause of action.  As an alternative ground, defendants asserted that plaintiff failed to establish the existence of a "recognized hazard" within the meaning of section 27-a (3) (a) (1) because plaintiff claimed her injury was due to the improper use of the truck, rather than its inherent defective condition.

Plaintiff responded that the motion was unsupported by the law and facts.  Additionally, in a Supplemental Bill of Particulars, she alleged that defendants violated section 29 CFR

---

[1] Courts regularly refer to GOL § 11-106 (1) as the "fireman's rule," originally, a "long-standing common-law rule that firefighters injured while extinguishing fires generally [could not] recover against the property owners or occupants whose negligence in maintaining the premises occasioned the fires" (Schiavone v City of New York, 92 NY2d 308, 313 n 2 [1998] [citations omitted]).  The rule has been extended to police officer actions, and, as amended, GOL § 11-106 (1) is applied only in actions against a police officer's or firefighter's employer or co-employee.

1910.23 (c) (1)[2] by failing to equip the truck with a back

railing, and assert section 27-a (3) (a) (2) as a predicate for

this violation. Plaintiff further requested the court search the

record in accordance with CPLR 3212(b) and grant her summary

judgment on the question of liability under GML § 205-e.

As relevant to this appeal, Supreme Court denied the

motion in part, concluding Labor Law § 27-a (3) (a) (1) may serve

as a predicate for a violation of GML § 205-e.[3]  The Appellate

Division affirmed (109 AD3d 189) and granted defendants leave to

appeal on a certified question whether the court properly

affirmed the denial of defendants' summary judgment motion to

dismiss plaintiff's GML § 205-e claim.

On appeal to this Court, the parties reiterate their

arguments below.  Defendants contend that Labor Law § 27-a does

---

[2] 29 CFR 1910.23 (c) (1) entitled "Protection of open-sided
floors, platforms, and runways" provides:
> "Every open-sided floor or platform 4 feet or
> more above adjacent floor or ground level
> shall be guarded by a standard railing (or
> the equivalent as specified in paragraph
> (e)(3) of this section) on all open sides
> except where there is entrance to a ramp,
> stairway, or fixed ladder. The railing shall
> be provided with a toeboard wherever, beneath
> the open sides, (i) Persons can pass, (ii)
> There is moving machinery, or (iii) There is
> equipment with which falling materials could
> create a hazard."

[3] Supreme Court granted defendants' motion in part,
dismissing the common law negligence cause of action as barred by
the firefighter's Rule.

not provide an injured worker for a private right of action, and, instead, establishes a workplace inspection scheme under which the Commissioner of Labor alone may determine a violation of the statute.  Therefore, section 27-a cannot serve as a predicate to plaintiff's GML cause of action.  Defendants further claim that, regardless, plaintiff has failed to assert a cause of action based on a physical and environmental workplace hazard, in accordance with section 27-a (3) (a) (1).  In contrast, plaintiff argues that Labor Law § 27-a (3) (a) (1) contains a clear legal duty and, thus, was a proper statutory predicate for her GML § 205-e cause of action, and that her fall from the truck was a "recognized hazard".  We agree with plaintiff that section 27-a is sufficient to serve as a statutory predicate for her claim.

## II.

General Municipal Law § 205-e contains a right of action allowing police officers to sue for injuries sustained in the line of duty

> "as a result of any neglect, omission,
> willful or culpable negligence of any person
> or persons in failing to comply with the
> requirements of any of the statutes,
> ordinances, rules, orders and requirements of
> the federal, state, county, village, town or
> city governments . . ."

(GML § 205-e [1]).  The Legislature enacted GML § 205-e to overrule this Court's prior decision in Santangelo v State of New York (71 NY2d 393, 396-98 [1988]), which had extended the

"firefighter's rule" to police officers, thus barring common law negligence actions for injuries sustained in the line of duty. Thereafter, the Legislature would continue to abrogate judicial decisions interpreting GML § 205-e restrictively (see Gonzalez v Iocovello, 93 NY2d 539, 548 [1999]). After a decade of legislative rebuffs, we acknowledged that "[e]ach enactment has been promoted as being for the express purpose of clarifying and emphasizing the legislative intent that General Municipal Law § 205-e be applied 'expansively' " (id., citing L. 1990, ch. 762; L. 1992, ch. 474; L. 1994, ch. 664; L. 1996, ch. 703).

In prior cases this Court described how the 1992 and 1996 amendments were intended to enlarge a police officer's right of action under GML § 205-e (see Giuffrida v Citibank Corp., 100 NY2d 72, 77-78 [2003]; Gonzalez, 93 NY2d 539; Schiavone v City of New York, 92 NY2d 308 [1998]). Schiavone and Giuffrida noted that in the 1992 amendment the Legislature rejected judicial interpretations limiting a police officer's action under GML § 205-e to injuries related to safety and maintenance violations concerning a "premises" (Schiavone, 92 NY2d at 314; Giuffrida, 100 NY2d at 77-78). Instead, the Legislature concluded that because "police officers are required to confront dangerous conditions under many and varied circumstances, there is a need to ensure that a right of action exists regardless of where the violation causing injury or death occurs" (L. 1992, ch. 474, § 1, responding to Sciarrotta v. Valenzuela, 182 AD2d 443, 445 [1st

Dept 1992] and <u>Cooper v. City of New York</u>, 182 AD2d 350, 351 [1st
Dept 1992], <u>affd</u> 81 NY2d 584 [1993]; <u>see</u> <u>also</u> <u>Giuffrida</u>, 100 NY2d
at 78; <u>Schiavone</u>, 92 NY2d at 314).

     <u>Giuffrida</u> and <u>Gonzalez</u> both discussed how in 1996 the
Legislature again amended GML § 205-e to expand its scope and
application (<u>Giuffrida</u>, 100 NY2d at 78; <u>Gonzalez</u>, 93 NY2d at 548;
<u>see</u> L. 1996, ch. 703 § 2).  Then, in <u>Gonzalez</u>, this Court pointed
out that the addition of subdivision (3) to permit liability even
in cases where the injury is due to a violation of a codified
common-law duty, constituted another rejection of a judicial
decision holding otherwise (93 NY2d at 549, discussing <u>St.
Jacques v. City of New York</u>, 215 AD2d 75 [1995], <u>affd</u> 88 NY2d 920
[holding overruled by the 1996 amendment]).

     Thus, this Court has recognized that these amendments,
enacted on the heels of judicial decisions constricting the
application of GML § 205-e, manifest the Legislature's
determination to bring courts in line with the legislative goal
of providing a cause of action for police officers for negligent
noncompliance with the law.  Indeed, the legislative history of
the 1996 amendments sets the record straight that by amending the
statute our state elected officials

> "intended to ensure once and for all that
> section 205-e of the general municipal law is
> applied by the courts in accordance with its
> original legislative intent to offer an
> umbrella of protection for police officers,
> who, in the course of their many and varied
> duties, are injured by the negligence of
> anyone who violates any relevant statute,

ordinance, code, rule and/or regulation"
(L. 1996, ch. 703 § 1; see also Giuffrida, 100 NY2d at 78).  Any
doubt as to the legislative directive to the judiciary were laid
to rest in Williams v City of New York, wherein this Court stated
that this "series of amendments to section 205-e teaches us that
we should apply this provision 'expansively' so as to favor
recovery by police officers whenever possible" (2 NY3d 352, 364
[2004], citing Gonzalez, 93 NY2d at 548).[4]

### III.

With this understanding of the legislative intent to
give broad application to GML § 205-e, we turn to defendants'
challenge to plaintiff's cause of action for damages.  To succeed
on their summary judgment motion, defendants must establish "a
prima facie showing of entitlement to judgment as a matter of
law, tendering sufficient evidence to demonstrate the absence of
any material issues of fact" (Alvarez v. Prospect Hosp., 68 NY2d
320, 324 [1986]; see also CPLR 3212 [b]).  For the reasons we
discuss, defendants have failed to meet their burden.

In order to assert a claim under GML § 205-e, a
plaintiff "must [1] identify the statute or ordinance with which
the defendant failed to comply, [2] describe the manner in which
the [police officer] was injured, and [3] set forth those facts

---

[4] Additional amendments in 1994 and 1999 extended the time
in which certain actions may be brought on behalf of injured or
deceased police officers (see L. 1994, ch. 664; L. 1999, ch.
466).

from which it may be inferred that the defendant's negligence directly or indirectly caused the harm" (<u>Williams</u>, 2 NY3d at 363, quoting <u>Giuffrida</u>, 100 NY2d at 79 [internal quotation marks omitted]).  Defendants allege plaintiff cannot satisfy the first requirement because the Labor Law may not serve as a basis for her cause of action.  We disagree.

As a predicate to her GML damages cause of action plaintiff relies specifically on Labor Law § 27-a (3) (a) (1), which provides that

> "[e]very employer shall: (1) furnish to each
> of its employees, employment and a place of
> employment which are free from recognized
> hazards that are causing or are likely to
> cause death or serious physical harm to its
> employees and which will provide reasonable
> and adequate protection to the lives, safety
> or health of its employees."

Defendants counter that because PESHA lacks a private right of action plaintiff cannot base her GML § 205-e claim on section 27-a.  However, that is exactly what GML § 205-e permits and what the Legislature intended.  While it is true that PESHA does not contain an express private right of action (<u>Hartnett v New York City Tr. Auth.</u>, 86 NY2d 438, 442 [1995]), GML § 205-e does not require that the predicate for a police officer's action contain an existing right to sue.  We do not read nonexisting requirements into legislation for

> " '[a] court cannot by implication supply in
> a statute a provision which it is reasonable
> to suppose the Legislature intended
> intentionally to omit' because 'the failure
> of the Legislature to include a matter within

> the scope of an act may be construed as an
> indication that its exclusion was intended'
> (McKinney's Cons Laws of NY, Book 1, Statutes
> § 74). In other words, we cannot read into
> the statute that which was specifically
> omitted by the legislature"

(Commonwealth of N. Mariana Is. v Can. Imperial Bank of Commerce, 21 NY3d 55, 62 [2013]).  Furthermore, reading such requirement into GML § 205-e would be antithetical to the recognized legislative goal that this provision "offer an umbrella of protection for police officers" for violations of "any relevant statute, ordinance, code, rule and/or regulation" (L. 1996, ch. 703 § 1).

To the extent defendants argue that as a matter of law a general duty clause, such as that contained in section 27-a, cannot serve as a predicate for GML § 205-e liability, we find that argument without support in the General Municipal Law or our prior decisions.  In order to recover under GML § 205-e "the police officer must demonstrate an injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties"  (Williams, 2 NY3d at 364, citing Galapo v. City of New York, 95 NY2d 568, 574 [2000] [internal quotation marks omitted]).  If a statute that provides for a general duty satisfies this requirement it may serve as a basis for a GML § 205-e cause of action (id.).

This Court held as much in Gonzalez v Iocovello.  In Gonzalez we concluded that a GML § 205-e cause of action could be

predicated upon violation of Vehicle and Traffic Law ("VTL") §
1104(e), which imposed a duty that drivers of authorized
emergency vehicles drive with due regard for the safety of all
persons, and without reckless disregard for the safety of others
(93 NY2d at 551).  In the companion case of Cosgriff v City of
New York, we similarly found the predicate basis for plaintiff's
GML § 205-e cause of action in the New York City Charter §
2903(b)(2) requirement that the Commissioner of the New York City
Department of Transportation shall "have charge and control of .
. . repairing public roads [and] streets" and the Administrative
Code § 7-201 requirement that the City receive prior written
notice of a defective sideway in order to be held liable (93 NY2d
539, 553).  In both matters we found that the relevant provisions
imposed clear legal duties, and reiterated that a proper
predicate may contain "either a particularized mandate or a clear
legal duty" (id. at 551; cf. Desmond v City of New York, 88 NY2d
455, 464 [1996]; see also Hayes v. City of New York, 264 AD2d 610
[duty imposed upon building owners to keep buildings in good
repair pursuant to Multiple Dwelling Law § 78 was a valid
predicate for section 205-e]).

          The question then is whether section 27-a contains a
clear legal duty, expressed in a well-developed body of law and
regulation (Williams, 2 NY3d at 364; Gonzalez, 93 NY2d at 551).
We find that it does.

          The Legislature enacted PESHA "to provide individuals

working in the public sector with the same or greater workplace protections provided to employees in the private sector under" the federal Occupational Safety and Health Act ("OSHA") (Williams, 2 NY3d at 367, quoting Hartnett, 86 NY2d at 442). The provisions contained in PESHA are modeled on OSHA, and are intended to ensure the common goal of these federal and state statutes, i.e. a safe workplace. In fact, New York State has adopted OSHA's workplace safety standards (12 NYCRR 800.3; see Williams, 2 NY3d at 367). These regulations cover a broad spectrum of safety issues (see e.g. Electrical Safety-Related Work Practices, 55 FR 46052; Occupational Exposure to Bloodborne Pathogens, 56 FR 64004; Concrete and Masonry Construction Safety Standards, 55 FR 42306). Thus, PESHA like OSHA, has an established regulatory scheme.

Within this statutory framework, section 27-a (3) (a) (1) imposes on employers a duty to provide a safe workplace "free from recognized hazards," . . . [and] reasonable and adequate protection to the lives, safety or health of its employees." This duty, albeit general, is sufficiently clear to provide a basis to determine liability. Notably, as in Gonzalez, the standard is set forth in a statute, here in PESHA, in Gonzalez, in VTL § 1104. Also, the mandate that employers provide a workplace "free from recognized hazards" sets a standard at least as sufficient to define the duty of care as the "reckless disregard" duty of care incorporated into VTL § 1104, which we

referenced approvingly in <u>Gonzalez</u>.[5]  To the extent defendants

contend that this standard is no more specific than a general

common law duty of care, the Legislature has made clear that a

police officer has a right of action "regardless of whether the

injury . . . is caused by the violation of a provision which

codifies a common-law duty" (GML § 205-e [3]).  Therefore, the

statute and its regulations are a "well-developed body of law and

regulations that impose clear duties" (<u>Williams</u>, 2 NY3d at 364).

          The decision in <u>Williams</u> supports our conclusion here.

In <u>Williams</u> this Court left open the question whether PESHA may

serve as a statutory predicate to a GML § 205-e cause of action,

deciding only that the <u>Williams</u> plaintiffs failed to establish a

violation of Labor Law § 27-a because that provision "does not

cover the special risks faced by police officers because of the

nature of police work" (<u>id.</u> at 368).  As a point of clarity,

<u>Williams</u> contrasted the Second Department's decision in <u>Balsamo v

City of New York</u> (287 AD2d 22 [2d Dept 2001]), finding that the

injuries in that case arguably came within PESHA because they

were the type of "occupational injuries" that "PESHA is designed

to prevent," rather than "risks unique to police work" which fall

outside the statute (<u>Williams</u>, 2 NY3d at 368).  Thus, <u>Williams</u>

suggested that given the proper circumstances, PESHA could

---

[5] Section 27-a's mandate is also no less sufficient to
define a duty of care than the duty set forth in Administrative
Code § 27-127 requiring all buildings "be maintained in a safe
condition" as suggested by <u>Williams</u> (2 NY3d at 368).

certainly serve as a predicate to a GML § 205-e suit.

Here, plaintiff alleges that she suffered an injury involving an improperly equipped police truck while in the line of duty.  Plaintiff's claim does not involve the type of special risks faced by police officers that Williams found were outside the scope of PESHA, which involved life and death decisions.  Instead, her claim is strikingly similar to the claim in Balsamo, which involved an alleged physical injury to a police officer when his knee hit a sharp protruding edge of a computer mounted off the floor of his police vehicle (287 AD2d 22).  As we stated in Williams, PESHA arguably covers such claim as an occupational injury involving an "improperly equipped vehicle" (Williams, 2 NY3d at 368).

Defendants additionally argue that Labor Law § 27-a cannot serve as a predicate because that statute establishes a regulatory scheme under which the Commissioner of Labor has sole authority over enforcement for violations of the statute.  According to defendants, permitting private actions would undermine the Commissioner's role and upset regulatory enforcement because PESHA's detailed statutory scheme does not vest courts with jurisdiction to determine whether a PESHA violation has occurred.  We are also unpersuaded by this argument.

First, the Commissioner is empowered to investigate allegations of existing workplace hazards, and enforce violations

where an employer fails to cure noncompliance with PESHA (see Labor Law § 27-a [5] and [6]).  Therefore, the Commissioner's enforcement powers are unrelated to and distinct from plaintiff's action against her employer for damages incurred as a result of an injury caused by a recognized hazard.  We find no support for defendants' argument that the Commissioner's role to ensure a safe workplace is adversely affected by permitting an injured employee to seek relief for harm caused by a violation of PESHA. Second, defendants' claim that judicial consideration of PESHA's coverage will undermine the Commissioner's duties is belied by the fact that under GML § 205-e courts may consider noncompliance with the statute and its regulations as evidence of negligence (GML § 205-e ["failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments"]).

We reject defendants' invitation to read GML § 205-e so as to foreclose plaintiff's action for doing so would ignore years of legislative enactments decrying just such a result. Based on the legislative intent to provide police officers with a right to sue in torts against their employers, and the Legislature's mandate that the courts expansively apply section 205-e, we hold that PESHA's general duty clause serves as a predicate to plaintiff's GML § 205-e cause of action for damages. Therefore, we reject defendants' contention that as a matter of law Labor Law § 27-a (3) (a) (1) cannot serve as a statutory

predicate.

IV.

With respect to defendants' alternative argument that plaintiff has failed to assert a violation of the duty set forth in section 27-a (3) (a) (1) because she has not established that her injury was due to a "recognized hazard", the Appellate Division properly concluded defendants failed to support this allegation in its summary judgment motion.  A plaintiff must establish both a statutory predicate for the GML § 205-e claim as well as a statutory violation (Williams, 2 NY3d at 365).  Here, plaintiff claims the truck was too short and lacked the proper railings for the task of barrier loading.  Plaintiff's claim is thus premised on her allegation that she suffered an injury while working on an improperly equipped truck, which Williams stated could be treated as an occupational injury covered by PESHA. Defendants failed to satisfy their threshold summary judgment burden by providing proof of their assertion that plaintiff's injury was not due to a recognized hazard within the meaning of the statute (see Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078 [2d Dept 2012]).

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs, and the certified question answered in the affirmative.

Allison Gammons v City of New York, et al.

No. 220

PIGOTT, J.(dissenting):

Because, in my view, Labor Law § 27-a (3) (a) (1), by itself, is too general to serve as a predicate for a General Municipal Law § 205-e cause of action, I respectfully dissent.

We explained in Williams v City of New York (2 NY3d 352 [2004]) that "as a prerequisite to recovery [under GML § 205-e], a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (id. at 364 [citations omitted] [emphasis supplied]; see Desmond v City of New York, 88 NY2d 455, 463-464 [1996] [stating that section 205-e "was not enacted to give police officers an unrestricted right to recover for all negligently caused line-of-duty injuries. Nor was it intended to give police officers a right to sue for breaches of any and all governmental pronouncements of whatever type and regardless of how general or specific those pronouncements might be"]). Section 27-a (3) (a) (1) requires every employer to "furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and

- 1 -

adequate protection to the lives, safety or health of its employees."  This provision is a general one, and we have previously referred to it as the "general duty" clause (Williams, 2 NY3d at 367).

Plaintiff claims that she is entitled to recover under the general duty clause because the truck from which she fell was dangerous and defective, i.e., it was too short to accommodate the barriers she was asked to load.  Relying on the companion cases Gonzalez v Iocovello and Cosgriff v City of New York (93 NY2d 539 [1999]), the majority claims that this section provides a "clear legal duty, expressed in a well-developed body of law and regulation" (majority op, at 10-11).  The provisions in those cases, however, were plainly more specific and set forth legal duties that were more clear than section 27-a (3) (a) (1)'s requirement that employers provide a safe workplace (see Gonzalez, 93 NY2d at 550 [holding that Vehicle & Traffic Law § 1104 (e) could serve as a predicate for liability because it did not absolve operators of emergency vehicles of liability for "reckless disregard for the safety of others"]; Cosgriff, 93 NY2d at 552-553 [holding that sections of the New York City Charter and Administrative Code of City of New York concerning repairs of defective sidewalks could serve as a predicate for GML § 205-e liability]).  In each of those cases, we were asked to examine laws or regulations that dealt with clear legal duties, whereas, in contrast, although the general duty clause here may impose

some abstract "duty" to provide a safe workplace, it could hardly be said that it is the type of "clear legal duty" mentioned in Williams.

That does not mean, however, that a police officer or firefighter could never utilize Labor Law § 27-a (3) (a) (1) as a predicate, only that in order to do so, they should be required to cite to a specific regulation that they claim was violated. It is not insignificant that Labor Law § 27-a requires the Commissioner of Labor to not only "adopt all safety and health standards promulgated under the United States Occupational Safety and Health Act of 1970" (Labor Law § 27-a [4] [a]), but also to "promulgate rules and regulations recommended to him by . . . [the state occupational safety and health abatement board] which establish standards whenever such board finds" either that no federal standard exists or that a federal standard exists but that conditions in public workplaces require a different standard (Labor Law § 27-a [4] [b] [i], [ii]).  These standards promote section 27-a (3) (a) (1)'s goal of providing a safe workplace, and it is not coincidental that section 27-a (3) (a) (2) requires every public employer to "comply with the safety and health standards promulgated under [section 27-a]."

In this respect, I would employ the same analysis to the claims made by police officers and firefighters under the general duty clause that we employ in in our analysis of a Labor Law § 241 (6) cause of action.  With respect to the latter claim

-- which is routinely brought by a construction worker against a contractor and owner -- we have required the worker to identify the specific rule or regulation promulgated by the Commissioner of Labor that the contractor or owner allegedly violated (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502; see also Labor Law § 241 [6]).  The rule or regulation alleged to have been violated must be a "specific" and "positive command" rather than a mere reiteration of a common law standard of care that would do little more than incorporate "the ordinary tort duty of care into the Commissioner's regulations" (Ross, 81 NY2d at 504).

Here, the majority claims that the common law standard of care -- the duty to provide a safe workplace -- by itself, may serve as a predicate for a GML § 205-e claim.  In my view, a plaintiff must do more than just cite to a common law duty of care in order to recover under GML § 205-e while utilizing the general duty clause as a predicate; the plaintiff should also be required to cite to at least one of the hundreds of thousands of regulations either adopted or promulgated by the Commissioner of Labor.

Plaintiff has done so in this case, asserting, in addition to her claim under the general duty clause, that defendants violated 29 CFR § 1910.23 (c) (1), which is an OSHA provision.  Neither the Appellate Division nor Supreme Court addressed whether this provision applied to the facts of this

case.  Therefore, I would remand to Supreme Court to consider the applicability of that federal regulation to plaintiff's GML § 205-e cause of action.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order, insofar as appealed from, affirmed, with costs, and certified question answered in the affirmative.  Opinion by Judge Rivera.  Chief Judge Lippman and Judges Smith and Abdus-Salaam concur.  Judge Pigott dissents in an opinion in which Judge Read concurs.

Decided December 18, 2014