OPINION OF THE COURT
Rivera, J.
In this appeal concerning a police officer’s personal injury action against municipal defendants the City of New York and the New York City Police Department, we conclude that Labor Law § 27-a (3) (a) (1) sets forth an objective clear legal duty that may serve as a predicate for a claim under General Municipal Law § 205-e. Therefore, the order of the Appellate Division should be affirmed and the certified question answered in the affirmative.
L
Plaintiff Allison Gammons was a police officer with the New York City Police Department working on “barrier truck detail” in Brooklyn, New York when she was injured during the course of loading wooden police barriers onto a police flatbed truck. According to plaintiff, she was standing at the rear of the truck holding a barrier when another officer who was helping to load *566 the truck pushed the barrier into plaintiffs chest, causing her to fall backwards and off the truck onto the street.
Plaintiff sued defendants City of New York and the New York City Police Department seeking damages, asserting causes of action for common-law negligence and under General Municipal Law § 205-e for failure to comply with Labor Law § 27-a, known as the Public Employee Safety and Health Act (PESHA), based, in part, on the alleged unsafe and dangerous condition of the truck. At her deposition plaintiff stated the truck was too short to accommodate the full length of the barriers being loaded, the back was left open and unprotected, the side railings were only three feet high, and only one officer could comfortably fit on the truck during the loading process. She claimed that on the date of her injury, defendant Police Department, nevertheless, had available newer trucks that were sufficiently long to accommodate the full length of the barriers without any portion hanging off the back, were equipped with a tailgate, and could hold two officers.
Defendants moved for summary judgment pursuant to CPLR 3212, claiming that General Obligations Law § 11-106 (l)[1] barred plaintiff’s common-law negligence cause of action, and the general duty clause of Labor Law § 27-a (3) (a) (1) could not serve as a statutory predicate to plaintiffs General Municipal Law § 205-e cause of action. As an alternative ground, defendants asserted that plaintiff failed to establish the existence of a “recognized hazard” within the meaning of section 27-a (3) (a) (1) because plaintiff claimed her injury was due to the improper use of the truck, rather than its inherent defective condition.
Plaintiff responded that the motion was unsupported by the law and facts. Additionally, in a supplemental bill of particulars, she alleged that defendants violated 29 CFR 1910.23 (c) (l)[2] by failing to equip the truck with a back railing, and asserted sec *567 tion 27-a (3) (a) (2) as a predicate for this violation. Plaintiff further requested the court search the record in accordance with CPLR 3212 (b) and grant her summary judgment on the question of liability under General Municipal Law § 205-e.
As relevant to this appeal, Supreme Court denied the motion in part, concluding Labor Law § 27-a (3) (a) (1) may serve as a predicate for a violation of General Municipal Law § 205-e (30 Misc 3d 1230[A], 2011 NY Slip Op 50286[U] [Sup Ct, Kings County 2011]).[3] The Appellate Division affirmed (109 AD3d 189 [2013]) and granted defendants leave to appeal on a certified question whether the court properly affirmed the denial of defendants’ summary judgment motion to dismiss plaintiffs General Municipal Law § 205-e claim (2013 NY Slip Op 90950[U] [2d Dept 2013]).
On appeal to this Court, the parties reiterate their arguments below. Defendants contend that Labor Law § 27-a does not provide an injured worker with a private right of action, and, instead, establishes a workplace inspection scheme under which the Commissioner of Labor alone may determine a violation of the statute. Therefore, section 27-a cannot serve as a predicate to plaintiff’s General Municipal Law cause of action. Defendants further claim that, regardless, plaintiff has failed to assert a cause of action based on a physical and environmental workplace hazard, in accordance with section 27-a (3) (a) (1). In contrast, plaintiff argues that Labor Law § 27-a (3) (a) (1) contains a clear legal duty and, thus, was a proper statutory predicate for her General Municipal Law § 205-e cause of action, and that her fall from the truck was a “recognized hazard.” We agree with plaintiff that section 27-a is sufficient to serve as a statutory predicate for her claim.
IL
General Municipal Law § 205-e contains a right of action allowing police officers to sue for injuries sustained in the line of *568 duty “as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments” (General Municipal Law § 205-e [1]). The legislature enacted General Municipal Law § 205-e to overrule this Court’s prior decision in Santangelo v State of New York (71 NY2d 393, 396-398 [1988]), which had extended the “firefighter’s rule” to police officers, thus barring common-law negligence actions for injuries sustained in the line of duty. Thereafter, the legislature would continue to abrogate judicial decisions interpreting General Municipal Law § 205-e restrictively (see Gonzalez v Iocovello, 93 NY2d 539, 548 [1999]). After a decade of legislative rebuffs, we acknowledged that “[e]ach enactment has been promoted as being for the express purpose of clarifying and emphasizing the legislative intent that General Municipal Law § 205-e be applied ‘expansively’ ” (id., citing L 1990, ch 762; L 1992, ch 474; L 1994, ch 664; L 1996, ch 703).
In prior cases this Court described how the 1992 and 1996 amendments were intended to enlarge a police officer’s right of action under General Municipal Law § 205-e (see Giuffrida v Citibank Corp., 100 NY2d 72, 77-78 [2003]; Gonzalez, 93 NY2d 539; Schiavone v City of New York, 92 NY2d 308 [1998]). Schiavone and Giuffrida noted that in the 1992 amendment the legislature rejected judicial interpretations limiting a police officer’s action under General Municipal Law § 205-e to injuries related to safety and maintenance violations concerning a “premises” (Schiavone, 92 NY2d at 314; Giuffrida, 100 NY2d at 77-78). Instead, the legislature concluded that because “police officers are required to confront dangerous conditions under many and varied circumstances, there is a need to ensure that a right of action exists regardless of where the violation causing injury or death occurs” (L 1992, ch 474, § 1 [responding to Sciarrotta v Valenzuela, 182 AD2d 443, 445 (1st Dept 1992) and Cooper v City of New York, 182 AD2d 350, 351 (1st Dept 1992), affd 81 NY2d 584 (1993)]; see also Giuffrida, 100 NY2d at 78; Schiavone, 92 NY2d at 314).
Giuffrida and Gonzalez both discussed how in 1996 the legislature again amended General Municipal Law § 205-e to expand its scope and application (Giuffrida, 100 NY2d at 78; Gonzalez, 93 NY2d at 548; see L 1996, ch 703, § 2). Then, in Gonzalez, this Court pointed out that the addition of subdivision (3) to permit liability even in cases where the injury is due *569 to a violation of a codified common-law duty, constituted another rejection of a judicial decision holding otherwise (93 NY2d at 549 [discussing St. Jacques v City of New York, 215 AD2d 75 (1995), affd 88 NY2d 920 (1996) (holding overruled by the 1996 amendment)]).
Thus, this Court has recognized that these amendments, enacted on the heels of judicial decisions constricting the application of General Municipal Law § 205-e, manifest the legislature’s determination to bring courts in line with the legislative goal of providing a cause of action for police officers for negligent noncompliance with the law. Indeed, the legislative history of the 1996 amendments sets the record straight that by amending the statute our state elected officials
“intended to ensure once and for all that section 205-e of the general municipal law is applied by the courts in accordance with its original legislative intent to offer an umbrella of protection for police officers, who, in the course of their many and varied duties, are injured by the negligence of anyone who violates any relevant statute, ordinance, code, rule and/or regulation” (L 1996, ch 703, § 1; see also Giuffrida, 100 NY2d at 78).
Any doubts as to the legislative directive to the judiciary were laid to rest in Williams v City of New York, wherein this Court stated thát this “series of amendments to section 205-e teaches us that we should apply this provision ‘expansively’ so as to favor recovery by police officers whenever possible” (2 NY3d 352, 364 [2004], citing Gonzalez, 93 NY2d at 548).[4]
m.
With this understanding of the legislative intent to give broad application to General Municipal Law § 205-e, we turn to defendants’ challenge to plaintiffs cause of action for damages. To succeed on their summary judgment motion, defendants must establish “a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also CPLR 3212 [b]). For the reasons we discuss, defendants have failed to meet their burden.
*570 In order to assert a claim under General Municipal Law § 205-e, a plaintiff “must [1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the [police officer] was injured, and [3] set forth those facts from which it may be inferred that the defendant’s negligence directly or indirectly caused the harm” (Williams, 2 NY3d at 363 [internal quotation marks omitted], quoting Giuffrida, 100 NY2d at 79). Defendants allege plaintiff cannot satisfy the first requirement because the Labor Law may not serve as a basis for her cause of action. We disagree.
As a predicate to her General Municipal Law damages cause of action plaintiff relies specifically on Labor Law § 27-a (3) (a) (1), which provides that
“[e]very employer shall: (1) furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees.”
Defendants counter that because PESHA lacks a private right of action plaintiff cannot base her General Municipal Law § 205-e claim on section 27-a. However, that is exactly what General Municipal Law § 205-e permits and what the legislature intended. While it is true that PESHA does not contain an express private right of action (Hartnett v New York City Tr. Auth., 86 NY2d 438, 443 [1995]), General Municipal Law § 205-e does not require that the predicate for a police officer’s action contain an existing right to sue. We do not read nonexisting requirements into legislation for
“ ‘[a] court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit’ because ‘the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended’ (McKinney’s Cons Laws of NY, Book 1, Statutes § 74). In other words, we cannot read into the statute that which was specifically omitted by the legislature” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 62 [2013]).
*571 Furthermore, reading such requirement into General Municipal Law § 205-e would be antithetical to the recognized legislative goal that this provision “offer an umbrella of protection for police officers” for violations of “any relevant statute, ordinance, code, rule and/or regulation” (L 1996, ch 703, § 1).
To the extent defendants argue that as a matter of law a general duty clause, such as that contained in section 27-a, cannot serve as a predicate for General Municipal Law § 205-e liability, we find that argument without support in the General Municipal Law or our prior decisions. In order to recover under General Municipal Law § 205-e “[the] police officer must demonstrate [an] injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties” (Williams, 2 NY3d at 364 [internal quotation marks omitted], citing Galapo v City of New York, 95 NY2d 568, 574 [2000]). If a statute that provides for a general duty satisfies this requirement it may serve as a basis for a General Municipal Law § 205-e cause of action (id.).
This Court held as much in Gonzalez v Iocovello. In Gonzalez we concluded that a General Municipal Law § 205-e cause of action could be predicated upon violation of Vehicle and Traffic Law § 1104 (e), which imposed a duty that drivers of authorized emergency vehicles drive with due regard for the safety of all persons, and without reckless disregard for the safety of others (93 NY2d at 551). In the companion case of Cosgriff v City of New York, we similarly found the predicate basis for plaintiffs General Municipal Law § 205-e cause of action in the New York City Charter § 2903 (b) (2) requirement that the Commissioner of the New York City Department of Transportation shall “have charge and control of . . . repair[ing] . . . public roads . . . [and] streets” and the Administrative Code of the City of New York § 7-201 requirement that the City receive prior written notice of a defective sidewalk in order to be held liable (93 NY2d at 552-553). In both matters we found that the relevant provisions imposed clear legal duties, and reiterated that a proper predicate may contain “either a particularized mandate or a clear legal duty” (id. at 551; cf. Desmond v City of New York, 88 NY2d 455, 464 [1996]; see also Hayes v City of New York, 264 AD2d 610 [1999] [duty imposed upon building owners to keep buildings in good repair pursuant to Multiple Dwelling Law §78 was a valid predicate for section 205-e]).
The question then is whether section 27-a contains a clear legal duty, expressed in a well-developed body of law and regulation (Williams, 2 NY3d at 364; Gonzalez, 93 NY2d at 551). We find that it does.
*572 The legislature enacted PESHA “to provide individuals working in the public sector with the same or greater workplace protections provided to employees in the private sector under” the federal Occupational Safety and Health Act (OSHA) (Williams, 2 NY3d at 367, quoting Hartnett, 86 NY2d at 442). The provisions contained in PESHA are modeled on OSHA, and are intended to ensure the common goal of these federal and state statutes, i.e. a safe workplace. In fact, New York State has adopted OSHA’s workplace safety standards (12 NYCRR 800.3; see Williams, 2 NY3d at 367). These regulations cover a broad spectrum of safety issues (see e.g. Electrical Safety-Related Work Practices, 55 Fed Reg 46052 [1990], codified at 29 CFR part 1910; Occupational Exposure to Bloodborne Pathogens, 56 Fed Reg 64004 [1991], codified at 29 CFR 1910.1030; Concrete and Masonry Construction Safety Standards, 55 Fed Reg 42306 [1990], codified at 29 CFR part 1926). Thus, PESHA like OSHA, has an established regulatory scheme.
Within this statutory framework, section 27-a (3) (a) (1) imposes on employers a duty to provide a safe workplace “free from recognized hazards[,] . . . [and] reasonable and adequate protection to the lives, safety or health of its employees.” This duty, albeit general, is sufficiently clear to provide a basis to determine liability. Notably, as in Gonzalez, the standard is set forth in a statute, here in PESHA, in Gonzalez, in Vehicle and Traffic Law § 1104. Also, the mandate that employers provide a workplace “free from recognized hazards” sets a standard at least as sufficient to define the duty of care as the “reckless disregard” duty of care incorporated into Vehicle and Traffic Law § 1104, which we referenced approvingly in Gonzalez.[5] To the extent defendants contend that this standard is no more specific than a general common-law duty of care, the legislature has made clear that a police officer has a right of action “regardless of whether the injury ... is caused by the violation of a provision which codifies a common-law duty” (General Municipal Law § 205-e [3]). Therefore, the statute and its regulations are a “well-developed body of law and regulation [s] that impose [ ] clear duties” Williams, 2 NY3d at 364).
The decision in Williams supports our conclusion here. In Williams this Court left open the question whether PESHA *573 may serve as a statutory predicate to a General Municipal Law § 205-e cause of action, deciding only that the Williams plaintiffs failed to establish a violation of Labor Law § 27-a because that provision “does not cover the special risks faced by police officers because of the nature of police work” (id. at 368). As a point of clarity, Williams contrasted the Second Department’s decision in Balsamo v City of New York (287 AD2d 22 [2d Dept 2001]), finding that the injuries in that case arguably came within PESHA because they were the type of “occupational injuries” that “PESHA is designed to prevent,” rather than “risks unique to police work” which fall outside the statute (Williams, 2 NY3d at 368). Thus, Williams suggested that given the proper circumstances, PESHA could certainly serve as a predicate to a General Municipal Law § 205-e suit.
Here, plaintiff alleges that she suffered an injury involving an improperly equipped police truck while in the line of duty. Plaintiffs claim does not involve the type of special risks faced by police officers that Williams found were outside the scope of PESHA, which involved life and death decisions. Instead, her claim is strikingly similar to the claim in Balsamo, which involved an alleged physical injury to a police officer when his knee hit a sharp protruding edge of a computer mounted off the floor of his police vehicle (287 AD2d 22). As we stated in Williams, PESHA arguably covers such claim as an occupational injury involving an “improperly equipped vehicle” (Williams, 2 NY3d at 368).
Defendants additionally argue that Labor Law § 27-a cannot serve as a predicate because that statute establishes a regulatory scheme under which the Commissioner of Labor has sole authority over enforcement for violations of the statute. According to defendants, permitting private actions would undermine the Commissioner’s role and upset regulatory enforcement because PESHA’s detailed statutory scheme does not vest courts with jurisdiction to determine whether a PESHA violation has occurred. We are also unpersuaded by this argument.
First, the Commissioner is empowered to investigate allegations of existing workplace hazards, and enforce violations where an employer fails to cure noncompliance with PESHA (see Labor Law § 27-a [5], [6]). Therefore, the Commissioner’s enforcement powers are unrelated to and distinct from plaintiffs action against her employer for damages incurred as a result of an injury caused by a recognized hazard. We find no support for defendants’ argument that the Commissioner’s role to ensure a *574 safe workplace is adversely affected by permitting an injured employee to seek relief for harm caused by a violation of PE-SHA. Second, defendants’ claim that judicial consideration of PESHA’s coverage will undermine the Commissioner’s duties is belied by the fact that under General Municipal Law § 205-e courts may consider noncompliance with the statute and its regulations as evidence of negligence (General Municipal Law § 205-e [1] [“failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments”]).
We reject defendants’ invitation to read General Municipal Law § 205-e so as to foreclose plaintiff’s action, for doing so would ignore years of legislative enactments decrying just such a result. Based on the legislative intent to provide police officers with a right to sue in torts against their employers, and the legislature’s mandate that the courts expansively apply section 205-e, we hold that PESHA’s general duty clause serves as a predicate to plaintiffs General Municipal Law § 205-e cause of action for damages. Therefore, we reject defendants’ contention that as a matter of law Labor Law § 27-a (3) (a) (1) cannot serve as a statutory predicate.
IV
With respect to defendants’ alternative argument that plaintiff has failed to assert a violation of the duty set forth in section 27-a (3) (a) (1) because she has not established that her injury was due to a “recognized hazard,” the Appellate Division properly concluded defendants failed to support this allegation in their summary judgment motion. A plaintiff must establish both a statutory predicate for the General Municipal Law § 205-e claim as well as a statutory violation (Williams, 2 NY3d at 365). Here, plaintiff claims the truck was too short and lacked the proper railings for the task of barrier loading. Plaintiff’s claim is thus premised on her allegation that she suffered an injury while working on an improperly equipped truck, which Williams stated could be treated as an occupational injury covered by PESHA. Defendants failed to satisfy their threshold summary judgment burden by providing proof of their assertion that plaintiffs injury was not due to a recognized hazard within the meaning of the statute (see Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078 [2d Dept 2012]).
Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs, and the certified question answered in the affirmative.

. Courts regularly refer to General Obligations Law § 11-106 (1) as the “fireman’s rule,” originally, a “long-standing common-law rule that firefighters injured while extinguishing fires generally [could not] recover against the property owners or occupants whose negligence in maintaining the premises occasioned the fires” (Schiavone v City of New York, 92 NY2d 308, 313 n 2 [1998] [citation omitted]). The rule has been extended to police officer actions, and, as amended, General Obligations Law § 11-106 (1) is applied only in actions against a police officer’s or firefighter’s employer or co-employee.

. 29 CFR 1910.23 (c) (1) entitled “Protection of open-sided floors, platforms, and runways” provides:
“Every open-sided floor or platform 4 feet or more above adjacent floor or ground level shall be guarded by a standard railing (or *567 the equivalent as specified in paragraph (e)(3) of this section) on all open sides except where there is entrance to a ramp, stairway, or fixed ladder. The railing shall be provided with a toeboard wherever, beneath the open sides,
“(i) Persons can pass,
“(ii) There is moving machinery, or
“(iii) There is equipment with which falling materials could create a hazard.”

. Supreme Court granted defendants’ motion in part, dismissing the common-law negligence cause of action as barred by the firefighter’s rule.

. Additional amendments in 1994 and 1999 extended the time in which certain actions may be brought on behalf of injured or deceased police officers (see L 1994, ch 664; L 1999, ch 466).

. Section 27-a’s mandate is also no less sufficient to define a duty of care than the duty set forth in Administrative Code § 27-127 requiring sill buildings “be maintained in a safe condition” as suggested by Williams (2 NY3d at 368).