■ DANIEL JOLLON, Appellant, v CITY OF NEW YORK, Respondent. [998 NYS2d 637]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 19, 2013, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the cause of action under General Municipal Law § 205-a, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 16, 2014, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.

There is no evidence in the record that plaintiff's injury was

directly or indirectly caused by a violation of either the statute or the regulation upon which his General Municipal Law § 205-a claim is predicated (*see generally Williams v City of New York*, 2 NY3d 352, 363 [2004]). Pursuant to Labor Law § 27-a (3) (a) (1), defendant was required to furnish to plaintiff "employment and a place of employment . . . free from recognized hazards . . . and . . . reasonable and adequate protection to [his] li[fe], safety or health." Plaintiff was injured not because of a defect in the facility or his equipment but because of a training instructor's failure to ensure that his personal protection system was properly attached to his bunker gear before he self-repelled from a training building (*see Williams*, 2 NY3d at 367-368; *cf. Gammons v City of New York*, 24 NY3d 562 [2014]).

As the record shows that plaintiff's equipment was functional and in good order, there is no evidence that his injury was caused by any violation of 29 CFR 1910.156 (d), which requires the employers of fire brigades to inspect firefighting equipment at least annually, "to assure the safe operational condition of the equipment." Concur—Gonzalez, P.J., Friedman, Andrias, Gische and Kapnick, JJ.