■ In the Matter of PICONE/McCULLAGH, Appellant, v JOEL A. MIELE, SR., as Commissioner of the New York City Department of Environmental Protection, et al., Respondents. [724 NYS2d 473] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Department of Environmental Protection, dated May 4, 2000, which denied the petitioner's application to compel the respondent New York City Department of Environmental Protection to reject the bid submitted by the respondent A.J. Pegno Construction Corp./Tully Construction Company, Inc., and award the contract to the petitioner, the appeal is from a judgment of the Supreme Court, Queens County (Berke, J.), dated July 11, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs

to the respondents appearing separately and filing separate briefs.

The respondent A.J. Pegno Construction Corp./Tully Construction Company, Inc. (hereinafter Pegno), was the winning bidder on a public works contract for the construction of the Newtown Creek Water Pollution Control Plant. The plant was to be constructed under the aegis of the respondent New York City Department of Environmental Protection (hereinafter the DEP). The appellant submitted the second lowest bid.

The contractors vying for this construction project were required to provide itemized price quotes on numerous individual elements of construction. These subtotals were then added up to reach a grand total bid. Pegno's bid form recited a total bid of $304,490,749, but it contained a handwritten error in its quote for contract item G-LS-1, which it priced as "$294,8499.49." After checking the arithmetic and conferring with Pegno, the DEP determined that Pegno's actual bid for item G-LS-1 was $294,849,949. This corrected figure, when added to the quotes for the other contract items, equaled Pegno's total bid price. Accordingly, the DEP accepted Pegno's low bid.

The appellant challenged the DEP's acceptance of Pegno's winning bid, alleging that its recitation of a price quote of "$294,8499.49" for item G-LS-1 was an "indecipherable" error, and that pursuant to General Municipal Law § 103 (11) (b), the DEP was without authority to rectify this error. The DEP rejected the appellant's challenge, as did the Supreme Court, which dismissed the appellant's CPLR article 78 proceeding, finding that this was a correctable mistake. We affirm, albeit for an additional reason.

General Municipal Law § 103 (11) was enacted in 1991 (L 1991, ch 429) in the wake *of Iversen Constr. Corp. v Palmyra-Macedon Cent. School Dist.* (143 Misc 2d 36), where the court permitted reformation of an erroneous bid. As the legislative history of this enactment makes clear (*see,* Bill Jacket, L 1991, ch 429), this statute was intended to provide a mechanism pursuant to which an honestly-mistaken bid may be withdrawn *by the low bidder*, where the bidder establishes the existence of five statutorily-enumerated factors (*see,* General Municipal Law § 103 [11] [a]). Once such a showing is made, General Municipal Law § 103 (11) (b) provides that the "sole remedy" is the withdrawal of the bid; there may be no renegotiation (*see,* General Municipal Law § 103 [11] [b]).

General Municipal Law § 103 (11) was thus intended to protect the integrity of the competitive bidding process by

precluding subsequent negotiations that undermine true competitiveness, while simultaneously codifying case law permitting the withdrawal of erroneous bids to avoid unconscionable hardship from befalling the party who innocently submits a mistaken bid. This statute was intended to affect the parties who submit innocently erroneous low bids and the municipal entities that accept such bids. This statute was *not* enacted to enable a losing bidder, such as the appellant, to challenge the acceptance of a winning bid of another party, which contains an easily correctable typographical error. Accordingly, since the amendment prohibiting provision of General Municipal Law § 103 (11) is inapplicable to this case, the DEP was permitted to correct Pegno's error pursuant to City of New York Procurement Policy Board Rule § 3-02 (m) (3) (ii) (*see,* 9 RCNY 3-02 [m] [3] [ii]).

In any event, Pegno's winning bid was not subjected to reformation or renegotiation. Its total price was correct, as were all of its component price quotes except for item G-LS-1. All the DEP had to do was to add up all of the correct item prices, and subtract that subtotal from the total bid of $304,490.749 to ascertain the true amount of the price quote for item G-LS-1. No reformation or renegotiation occurred and the competitive bidding process was not undermined. The DEP merely applied simple arithmetic to determine the correct amount Pegno obviously, mistakenly, wrote as "$294,8499.49." Accordingly, even assuming that General Municipal Law § 103 (11) applied to this case, the DEP's correction of Pegno's mathematical error and acceptance of its bid would not violate General Municipal Law § 103 (11) (b).

The appellant's remaining contentions are without merit. Altman, J. P., S. Miller, McGinity and Luciano, JJ., concur.