# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**877.1**
**CA 15-00856**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF CONCRETE APPLIED TECHNOLOGIES
CORPORATION, DOING BUSINESS AS CATCO,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

COUNTY OF ERIE, MARIA R. WHYTE, COMMISSIONER,
ERIE COUNTY DEPARTMENT OF ENVIRONMENTAL PLANNING,
AND KANDEY COMPANY, INC., RESPONDENTS-APPELLANTS.

---

MOSEY PERSICO, LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR
RESPONDENTS-APPELLANTS COUNTY OF ERIE AND MARIA R. WHYTE,
COMMISSIONER, ERIE COUNTY DEPARTMENT OF ENVIRONMENTAL PLANNING.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOSEPH J. MANNA OF COUNSEL),
FOR RESPONDENT-APPELLANT KANDEY COMPANY, INC.

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (ELIZABETH A. KRAENGEL
OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeals from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (Timothy J. Walker, J.), entered April 20,
2015 in a proceeding pursuant to CPLR article 78.  The judgment,
insofar as appealed from, granted the petition in part.

It is hereby ORDERED that the judgment insofar as appealed from
is unanimously reversed on the law without costs and the petition is
dismissed in its entirety.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
to challenge the award by respondents County of Erie and the
Commissioner of the Erie County Department of Environmental Planning
(collectively, County) of a contract for a public work project to
respondent Kandey Company, Inc. (Kandey).  When the bids were opened
on February 3, 2015, Kandey was the lowest bidder and the County
awarded it the contract.  On February 6, 2015, Kandey made a request
to the County for permission to withdraw its bid because of "two
unconscionable and substantial clerical errors" involving the omission
of the costs for two subcontractors that it discovered during its
post-bid review.  The County granted Kandey's request, returned the
bid bonds for the project and notified all of the bidding contractors
of its determination "that it is in the best interest of Erie County
to rebid the contract."

The County thereafter advertised for bids and, when the bids were opened on March 18, 2015, Kandey was again the lowest bidder. After the County awarded the contract to Kandey following the rebid, petitioner, the second lowest bidder, commenced this proceeding. Supreme Court granted those parts of its petition seeking judgment vacating the award of the contract to Kandey and directing the County to award the contract to the lowest responsible bidder, excluding Kandey, or, in the alternative, directing the County to rebid the contract pursuant to General Municipal Law § 103 (11) (b), and precluding Kandey from participation in that rebid. We reverse the judgment insofar as appealed from.

The court properly concluded that a rational basis supported the County's determination that Kandey made the showing required by General Municipal Law § 103 (11) (a) when it sought permission to withdraw its mistaken bid. The court erred, however, in concluding that the County failed to comply with General Municipal Law § 103 (11) (b) when it permitted Kandey to participate in the rebid. That section provides that the "sole remedy for a bid mistake in accordance with this section shall be withdrawal of that bid and the return of the bid bond or other security, if any, to the bidder." That is precisely what the County did here when it permitted Kandey to withdraw the mistaken bid. The statute further provides that, after the mistaken bid is withdrawn, the County "may, in its discretion, award the contract to the next lowest responsible bidder or rebid the contract," and the County acted within the discretion extended to it under the statute when it elected to rebid the contract.

The statute is silent on the question whether a contractor that was permitted to withdraw its bid may participate in the rebid. We agree with Kandey and the County that, had the Legislature intended to forbid a contractor in Kandey's position from participating in the rebid, it would have done so explicitly. Further, "[a] court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit" (*Gammons v City of New York*, 24 NY3d 562, 570 [internal quotation marks omitted]). Thus, we do not interpret the statute to include an implicit prohibition against Kandey's participation in the rebid following the withdrawal of its mistaken bid.

Contrary to the contention of petitioner, moreover, permitting Kandey to participate in the rebid did not violate the statute's explicit prohibition against "[a]ny amendment to or reformation of a bid or a contract to rectify such an error or mistake therein" (General Municipal Law § 103 [11] [b]). Kandey's bid was not amended or reformed; it was withdrawn. Permitting Kandey to withdraw its original bid was not equivalent to allowing a renegotiation of that bid (*see Matter of Picone/McCullagh v Miele*, 283 AD2d 501, 503; *cf. Le Cesse Bros. Contr. v Town Bd. of Town of Williamson*, 62 AD2d 28, *affd* 46 NY2d 960). Like the other contractors that participated in the rebid, Kandey submitted a new bid. Under these circumstances, permitting Kandey's participation in the rebid was entirely consistent with the statute's purpose of "protect[ing] the integrity of the competitive bidding process" (*Picone/McCullagh*, 283 AD2d at 502).

We therefore reverse the judgment insofar as appealed from and dismiss the petition in its entirety.